[No. 7,583.—In Bank.]

W. H. DE JARNATT ET AL. v. PATRICK COOPER ET AL.

MISTAKE—REFORMATION OF MORTGAGE—EVIDENCE—FINDINGS.—In an action to reform a mortgage and to foreclose the same, the Court found that it was the intention of the parties to include in the mortgage certain land, that the same was left out by mutual mistake, and that the appellant (who was a purchaser from the mortgagors), took with notice of the mistake.    *Held:* The finding is sustained by the evidence.

ID.—FRAUD—EVIDENCE.—(Sharpstein, Myrick, Thornton, JJ.) The party alleging fraud or mistake is bound to prove his allegations by clear and convincing evidence; that is, the evidence must be such that if standing alone, uncontradicted, it would establish a clear *prima facie* case of fraud or mistake. If it does not, this Court may reverse the judgment on the

ground of the insufficiency of the evidence; but where the evidence which tends to prove fraud or mistake, if standing alone, uncontradicted, is sufficiently clear and convincing, the judgment can not be reversed on the ground that such evidence is contradicted by other evidence, because the right to pass upon the credibility of witnesses is not vested in this Court. The only question to be decided by this Court, in respect to the sufficiency of the evidence, is whether that which tends to prove the alleged fraud or mistake, if standing alone, without contradiction, would make a *prima facie* case.

APPEAL by the defendant Stephen Cooper from a judgment for the plaintiffs and from an order denying a new trial in the Superior Court of the County of Colusa. HATCH, J.

*Dyas & Bridgford,* for Appellant Stephen Cooper.

The mistake must be made out by proofs entirely satisfactory. If the proofs are doubtful and unsatisfactory, and the mistake is not made entirely plain, equity will withhold relief, upon the ground that the written paper ought to be treated as a full and correct expression of the intent until the contrary is established beyond reasonable controversy. (Story's Eq. Jur., § 152; *Leonis* v. *Lazzarovich,* 55 Cal. 52; *Lestrade* v. *Barth,* 19 id. 660.)

*Goad, Albery & Goad,* and *Richard Bayne,* for Respondents.

That the lower Court, as a Court of equity, had the power to reform the mortgage and correct the mistake as to the defendant Patrick Cooper, there can be no doubt. (*Quivey* v. *Baker,* 37 Cal. 471; *Russell* v. *Mixer,* 42 id. 475; *Murray* v. *Dake,* 46 id. 644.) This evidence creates a substantial conflict upon the question of mistake.

The mortgage being reformed as against Patrick Cooper, his son and grantee, Stephen, will be bound by such reformation, provided he had actual notice of the plaintiff's claim upon the land when he took the deed from his father, Patrick. (*Bauer* v. *Pierson,* 46 Cal. 293; *Lawton* v. *Gordon,* 37 id. 205, 206; *Pell* v. *McElroy,* 36 id. 276, 277; *Galland* v. *Jackman,* 26 id. 87, 88; *Long* v. *Dollarhide,* 24 id. 227; *Stanley* v. *Green,* 12 id. 167, 168; *Ludlow* v. *Gill,* 1 Am. Dec. 694, and notes; 1 Story's Eq. Jur. (Redfield's ed.), § 165; 2 Leading Cases in Equity (3d American ed.), 157, 159, and notes; 3

Wash. on Real Property (3d ed.), 283; Rawle on Cov. for Tit. (4th ed.), 683, 684.)

*George A. Nourse*, as *amicus curiæ.*

(*Hendrickson* v. *Wallace*, 31 N. J. Eq. 604.)

The Statute of California, by special enactment, fixes the rule in this, as in all other civil actions, as to the weight of evidence required to sustain an affirmative proposition. The Code of Civil Procedure provides (§ 2061, Subd. 5): "That in civil cases, the affirmative of the issue must be proved," and "when the evidence is contradictory, the decision must be made according to the preponderance of evidence."

There is no room for construction of the statute. Its meaning can not possibly be misunderstood. It is perfectly explicit and clear. (Sedgwick on Stat. and Const. L. 227, 231, 232; *Bosley* v. *Mattingly*, 14 B. Mon. 73; *Fisher* v. *Blight*, 2 Cranch, 358; *Tynan* v. *Walker*, 35 Cal. 624; *Hall* v. *Wybourn*, 2 Salk. 420; *Aubry* v. *Fortescue*, 10 Mod. 206; *Beckford* v. *Wade*, 17 Ves. Jr. 87; C. C. P., § 1858.)

The late Supreme Court, in effect, declared this section not binding upon it, by its decision in *Merk* v. *Gelzhaluser*, 50 Cal. 631.

The present Supreme Court has taken a different view of the matter—declining to assume the functions of the Legislature. (*Bullard* v. *His Creditors*, 56 Cal. 600; *Ford* v. *Chambers*, 19 id. 143.)

SHARPSTEIN, J.:

The real controversy in this case is whether it was the intention of the parties to include in a mortgage, given by Cooper to De Jarnatt, the north half of the north-west quarter of Section 26, which, it is claimed by respondents, was omitted by the mutual mistake of the mortgagors and the mortgagees.

The Court found that it was their intention to include it, and that it was left out by mutual mistake. The appellant contends that the evidence is insufficient to justify that finding. The evidence comes up in a bill of exceptions, and is somewhat voluminous; but for the purpose of illustrating our

view of the case, it is unnecessary to review the whole of it. If it be conflicting upon all the material issues in the case, the judgment and order of the Court below must be affirmed.

It is doubtless a well-settled rule that the party alleging fraud or mistake is bound to prove his allegation by clear and convincing evidence. That is, that the evidence which tends to prove the alleged fraud or mistake, if standing alone, uncontradicted, would establish a clear *prima facie* case of fraud or mistake. If it does not, this Court may reverse the judgment on the ground of insufficiency of the evidence to justify the decision. But where the evidence which tends to prove fraud or mistake, if standing alone, uncontradicted, is sufficiently clear and convincing, we can not reverse the judgment on the ground that such evidence is contradicted by other evidence, because the right to pass upon the credibility of witnesses is not vested in this Court. The only question which we have to decide in respect to the sufficiency of the evidence, is whether that which tends to prove the alleged fraud or mistake, if standing alone, without contradiction, would make out a *prima facie* case.

The negotiation which resulted in the execution of the mortgage was conducted by the plaintiff De Jarnatt on one side, and by defendant Patrick Cooper on the other. None of the other parties participated in it.

We will first consider the matter as if it were one solely between said De Jarnatt and Patrick Cooper, who were the principal witnesses examined on the trial of the case.

It is an uncontroverted fact that the land in controversy constituted a part of a tract which was known and designated at the time said mortgage was executed, as Patrick Cooper's homestead, although at that time he had not obtained the United States title, and De Jarnatt was endeavoring to assist him in perfecting his claim to it. The entire homestead tract consisted of the land above described and the north-east quarter of the north-east quarter of Section 27—in all one hundred and twenty acres, which lies on the south side of a road to which most, if not all, of the witnesses refer.

Now, De Jarnatt in his testimony states positively that he supposed when he took the mortgage that it included all of the land claimed by Patrick Cooper as a homestead, and states

why he so supposed. He also states that he supposed it to be the intention of Patrick Cooper to give him a mortgage upon all the land included in said homestead claim. In one part of his testimony De Jarnatt stated that he "took a mortgage upon the land that Mr. Patrick Cooper was making an effort to file his homestead filing upon." And upon being asked what land that was, he replied: "That was the land upon which Patrick Cooper's house sat in part, and the other was, as he stated to me and his brother here, three forties, south of what is known as the Cooper lane, running west."

It is quite apparent that when this witness says he " took a mortgage upon the land" he means that he intended to take, and supposed he was taking, a mortgage upon it. There are other circumstances which tend in some degree to corroborate the statements of De Jarnatt upon this point. But it is unnecessary to particularize them. He states positively, as reported in the extracts above quoted, that it was intended to include in the mortgage three forties south of the Cooper lane, and that Patrick Cooper so stated to the witness. In fact, but one of the forties south of the lane or road was included in the mortgage, and the other two were omitted.

Mr. Patrick Cooper, who was called by the defense, on his direct examination contradicted De Jarnatt as to the intention to include the two forties omitted in the mortgage, and positively denied that they were omitted by mutual mistake. But on his cross-examination he admitted that he supposed that one of the omitted forties had been included, as the following colloquy between him and plaintiff's counsel clearly shows:

"Q. You thought he (De Jarnatt) had taken it all then?

"A. No, sir; I did not believe he took it all; I got my son to go and see, and he said eighty acres was not in the mortgage.

"Q. The eighty acres you thought were in the mortgage?

"A. No, sir; forty acres I thought were in the mortgage were not in.

"Q. Which forty was that?

"A. The north-west one quarter of the north-west one quarter of section 26."

Afterwards on his redirect examination he stated, as a

reason for having the record searched by his son, that De Jarnatt claimed that the mortgage covered one hundred and sixty acres. But that does not tend to weaken the force of his admission that he supposed before the search was made that one half of the land in controversy had been included in the mortgage. So that it might be fairly inferred, from his own admission, that that half was omitted in the mortgage by mistake. The only substantial conflict in the evidence was as to the other half. As to that there was a substantial conflict, and we can not disturb the finding of the Court upon it.

As before remarked, the negotiation which resulted in the execution of the mortgage was conducted by De Jarnatt and Patrick Cooper, although the wife of the latter joined in the execution of it, and De Jarnatt and Rich, who were partners, and one Johnson Grover are named in it as mortgagees. Hence it is claimed by the appellant, that there being no evidence tending to show that one of the mortgagors and two of the mortgagees intended to have the land in controversy included in the mortgage, that the plaintiffs have failed to show that it was omitted through the mistake of all the parties to the instrument. That while it may not express the intention of De Jarnatt and Patrick Cooper, it may nevertheless express that of Mrs. Cooper, Rich, and Grover.

Perhaps that might have been a valid objection if it had been raised by Mrs. Cooper. But she did not raise it, although she was made a party defendant to the action. She did not even appear in the action, and suffered judgment by default to be entered against her. Rich was a partner of De Jarnatt and was joined with him as a co-plaintiff. Grover assigned his interest in the mortgage to De Jarnatt and Rich before the action was commenced. The only defendant who appeared in the action was Stephen Cooper, jun., to whom Patrick Cooper conveyed the premises in controversy after he had discovered that they were not included in the mortgage to De Jarnatt and others. Stephen is not the successor of his mother, and can not avail himself of a defense which she alone might have availed herself of, unless it was necessary for the respondents to prove that she intended that the mortgage should cover the land in dispute before it could be

reformed. It does not appear that she ever had any interest in the land. But it does appear that when the mortgage was given the title was in the United States, and that the object of giving it was to enable Patrick Cooper to obtain the title from the United States. Neither she nor any one who has a right to represent her objects to the reformation of the instrument, and we do not think, under the circumstances of this case, that it was necessary to prove affirmatively that it did not express her intention. From all that appears in the record we must infer that her connection with the transaction was merely nominal.

The evidence as to the knowledge of the appellant of the mistake in the mortgage, before he purchased, is at least conflicting. De Jarnatt testifies that he told him of it before he took the conveyance. That was sufficient. If he chose to purchase after that, he did so at his own risk.

The exceptions to the rulings of the Court upon objections to the admission of testimony do not appear to us to have been well taken.

Judgment and order affirmed.

MYRICK and THORNTON, JJ., concurred.

ROSS, J., MORRISON, C. J., and MCKINSTRY, J., concurring:

In our opinion the evidence was sufficiently clear to warrant the findings and judgment of the Court below. We, therefore, concur in the judgment.

(MCKEE, J., not having heard the argument, took no part in the decision.)