[No. 9626.    Department One. — March 26, 1887.]

LUCY A. STEWARD, RESPONDENT, v. JOHN HINKEL ET AL., EXECUTORS, ETC., OF HENRY HINKEL, DECEASED, APPELLANTS.

ESTATE OF DECEDENT — PRESENTATION OF CLAIM — SECRET REJECTION — PRESENTATION OF NEW CLAIM. — Where a claim against the estate of a deceased person is presented to the executor, who secretly rejects it, and refuses on a demand made by the claimant to inform the latter of his action, the claimant may treat the previous presentation as nugatory, and again present the claim, notwithstanding the demand was made more than three months after the secret rejection.

NEW TRIAL — TEMPORARY ABSENCE OF JUROR. — A new trial will not be granted on account of the temporary absence of one of the jurors during the trial, if the party moving knew of the absence at the time, and failed to call the attention of the court to the fact.

ID. — STATEMENT OF JUROR TO FELLOW-JURYMEN — IRRELEVANT MATTER — PRESUMPTION. — During the deliberations of the jury, one of the jurors told his fellow-jurymen that the estate of the decedent was rich, and could afford to pay the claim of the plaintiff. *Held*, that the statement was irrelevant, and would not be presumed to have influenced the verdict.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover the value of services alleged to have been rendered by the plaintiff to the defendants' testator for two years prior to his death. The claim on which the action was founded was originally presented to the defendants, as executors, on the 5th of October, 1882. The executors rejected the claim on the 12th of the same month, and indorsed their rejection on it, but did not notify the plaintiff of their action. More than three months after the rejection, the plaintiff inquired of the executors what action they had taken on the claim, but they refused to give her any information. She thereupon, on the 9th of March, 1883, presented another claim for the same demand to the executors, who neglected for a period of ten days after the presentation to indorse thereon their allowance or rejection. The action was brought on the latter claim on the 24th of April, 1883. Under section 1498 of the Code of Civil Procedure, an action on a rejected claim must be commenced within three months after its rejection; otherwise the action is barred. On the motion for new trial, it was shown by affidavits that during the progress of the trial one of the jurors temporarily left the jury-box, and remained absent for some time without the consent of the court or counsel, and that during the deliberations of the jury one of the jurors stated to his fellow-jurymen that the estate of the decedent was rich, and could well afford to pay the claim of the plaintiff. The further facts are stated in the opinion of Justice McKinstry.

*O'Brien & Morrison,* and *Jarboe & Harrison,* for Appellants.

*J. C. Bates,* for Respondent.

McKINSTRY, J.—Section 1496 of the Code of Civil Procedure reads:—

"When a claim, accompanied by the affidavit required in this chapter, is presented to the executor or administrator, he must indorse thereon his allowance or rejection, with the day and date thereof. If he allow the claim, it must be presented to a judge of the Superior Court for his approval, who must in the same manner indorse upon it his allowance or rejection. If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect may, at the option of the claimant, be deemed equivalent to a rejection on the tenth day; and if the presentation be made by a notary, the certificate of such notary, under seal, shall be *prima facie* evidence of such presentation and the date thereof. If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the executor or administrator, and by the judge, after the expiration of such time. If the claim be payable in a particular kind of money or currency, it shall, if allowed, be payable only in such money or currency."

It has never been held that the executor must immediately, on its presentment, indorse a claim "allowed" or "rejected," or that it must be so indorsed within ten days after it is presented. By the terms of the section the executor is not limited to any specific period within which he must take formal action by indorsing his allowance or rejection of a claim. It may be conceded that it is not the duty of the executor to seek out one who has presented a claim to notify such person that he, the executor, has neglected or refused to act on the claim for ten days after its presentation, or that he has indorsed it "rejected." And it may also be conceded that it is the duty of the claimant to inquire of the executor

whether the claim he has presented has been acted upon, and how. But as there is no specific limitation of time within which the executor must allow or reject the claim, there is none within which the claimant is entitled to be informed of the action or non-action of the executor. If he neglect to inquire within three months after his claim has been actually indorsed "rejected," his suit on the claim may perhaps be barred. Nevertheless, as he cannot maintain a suit on his claim until it has been rejected, he has an absolute right to be informed of its rejection by the executor, who alone knows what formal action has been taken with respect to it. If information with respect to the allowance or rejection of the claim is refused by the executor, the claimant may treat the previous presentation of his claim and secret action, if any, of the executor, as going for naught, and again present the claim.

It is contended by appellants that the three months' limitation begins to run from the date of the rejection indorsed, whether that date precede or follow the expiration of ten days from the presentation of the claim, and independent of the claimant's knowledge. But this might operate to deprive the claimant of his option to deem the claim rejected on the tenth day, and deprive him, without fault on his part, of three months' time from the tenth day. It is suggested that as, in the present case, the three months from the indorsement of rejection had expired when plaintiff demanded what action had been taken by the executor, it would have done her no good to inform her of the rejection. But she was entitled to be informed of the alleged fact; to be informed of a fact on which her rights depended. Under the circumstances, we are satisfied the plaintiff was justified in presenting and delivering her claim to the executors in February, 1883, and in relying on the rejection of such, notwithstanding she had presented the same claim during the previous October.

There was a substantial conflict in the evidence as to the value of the plaintiff's services. A promise to pay a specific sum is some evidence of value.

There is nothing in the record to indicate that defendants and their counsel were not fully informed of the temporary absence of one of the jurors during the trial. (*Berry* v. *De Witt*, 27 Fed. Rep. 723; *Parsons* v. *Huff*, 38 Me. 141.) The court's attention should have been called to the absence of the juror.

Appellants say that after the jury retired to find their verdict "they received testimony in said cause that was not introduced at the trial." Even if it be admitted that the verdict of three fourths of the jurors may be impeached by the affidavits of one or more of the jurors not agreeing to such verdict, no case has been called to our attention in which the statement as fact by a juryman of a matter entirely irrelevant to the controversy has been treated as ground for setting aside a verdict. The statement of the juryman that the defendants' testate was a rich man would not have been admitted as evidence at the trial, and cannot be supposed to have influenced the verdict.

Specific portions of the general charge of the court were not excepted to.

Judgment and order affirmed.

PATERSON, J., concurred.

TEMPLE, J., concurring.—I concur in the judgment and in the opinion. But I do not wish to be understood as holding that when a creditor has presented his claim and it has been rejected, he may again present his claim for the same demand, and thus avoid the bar or prolong the time within which he may commence suit. Nor do I think the administrator bound to notify the creditor of his action in regard to a claim. But in this case, inasmuch as the executors not only failed to inform the creditor of their action, but refused to do so, we may

regard the case as though they had not acted at all, and the presentation of the claim the second time could work no injury. Secret action, which the creditor has no means of knowing is equivalent to no action at all.

Hearing in Bank denied.