[Civ. No. 8296. First Appellate District, Division One.—January 13, 1933.]

A. MENNING, Appellant, v. GEORGE SOURISSEAU, Respondent.

636

L. H. Phillips for Appellant.

Ewell D. Moore for Respondent.

JORGENSEN, J., *pro tem.*—This is an action instituted by the plaintiff, appellant here, against the defendant, respondent here, seeking specific performance of a lease, or alternative relief in damages in the sum of $26,200, in the event he cannot be granted specific performance. In this lease defendant was lessor and plaintiff was lessee, which lease covered three lots owned by defendant in the city of Hynes, in Los Angeles County. The lease was in writing and leased the said premises to plaintiff for a gasoline service station and garage business for a period of five years. At the time of the execution of the lease on January 26, 1929, plaintiff paid to defendant $50 for the first month's rent and thereafter on February 4, 1929, he paid plaintiff the sum of $150 for the second and last month's rent. The defendant agreed to erect and place upon said premises certain buildings and improvements. The complaint alleges

that defendant failed, neglected and refused to comply with the terms of said lease and to erect and place upon said premises said buildings and improvements.

The defense to the action is based on the allegations in the answer to the effect that by mutual mistake, inadvertence and neglect of both parties to the lease they failed to incorporate in said written lease a provision agreed to by the parties, that is to say, defendant alleges it was agreed between the parties in order to erect said buildings and make said improvements that it would first be necessary for the lessor to borrow the money secured by a lien on the property and that there was to be inserted in said lease a condition wherein and whereby the lessor was to make application for a loan upon said property, the funds derived therefrom to be used to erect the buildings and to make the other improvements upon said property as set forth in the lease, and that the failure of the lessor to procure said loan for said purposes within thirty days from the date of the lease to operate to terminate the lease and in such event the lessor should forthwith return the deposit of $200 to the lessee.

There is no question but that defendant failed to erect the buildings and let the plaintiff into possession as agreed, although the record shows that he commenced work upon the same, but the trial court found in favor of the defendant on the special defense above set forth and further found in effect that defendant had endeavored in good faith to obtain such a loan, but on account of a suit to quiet title having been instituted, he was unable to procure a loan on the property; that defendant did not know of the pendency of said suit until February 14, 1929, and that he thereafter and on that day offered to return the plaintiff his $200 deposit, which plaintiff refused to accept. The court gave judgment for defendant and ordered the lease to be reformed in accordance with defendant's contentions, but gave judgment for plaintiff for the $200 deposited as rent.

The plaintiff claims that the evidence does not support the findings on the special defense above set out. He complains bitterly because the trial court, in dealing with the testimony given by the four parties to the oral conversations leading up to the written lease, rejected the testimony given

by himself and his two sons in no uncertain language. ■
He contends that the cardinal doctrine that where upon
a question of fact the testimony in the court below involves
a substantial conflict, the action of the court below will not
be disturbed, is no longer the rule since the enactment of
section 956a of the Code of Civil Procedure in 1927. There
is no merit in this contention. As said in *Tupman* v.
*Haberkern*, 208 Cal. 256 [280 Pac. 970, 974] : "Neither the
constitutional amendment nor section 956a of the Code of
Civil Procedure was intended to abrogate the general rule
respecting the powers of the trial court in its determination
of questions of fact or the rule that the reviewing court is
bound by the findings of the trial court if based upon
substantial evidence."

■ The special defense above set forth was supported in
all particulars by defendant's testimony. It is true that it
stands unsupported except by some corroborating circum-
stances, while it was denied by plaintiff's witnesses, but the
determination of the conflict was within the province of the
trial court.

His testimony standing alone, uncontradicted, is clear and
convincing and this court cannot reverse the judgment of
the trial court on the ground that such evidence is con-
tradicted by other evidence. "The only question which we
have to decide in respect to the sufficiency of the evidence,
is whether that which tends to prove the alleged fraud or
mistake, if standing alone, without contradiction, would
make out a *prima facie* case." (*Jarnatt* v. *Cooper*, 59 Cal.
703; see, also, *Roush* v. *Kirkman*, 42 Cal. App. 115, at 119
[183 Pac. 353].)

Defendant's testimony is to the effect that before the
agreement was signed it was agreed that the obtaining of the
loan was a condition to be inserted in the lease and if the
loan was not obtained within thirty days the lease was
to terminate. Not only does it appear in his direct examina-
tion, but on cross-examination in response to a leading ques-
tion and questions by plaintiff's counsel defendant so testi-
fied without qualification and he further testified that after
the loan failed he was surprised that the clauses set forth
in his amendment to his answer were not in the lease. It
appears from defendant's testimony clearly and unequivo-
cally that it was the understandng of both parties to

the lease that the clauses in question were to be inserted in the written lease.

The direct evidence of one witness who is entitled to full credit is sufficient for the proof of any fact in civil cases. (Code Civ. Proc., sec. 1844.) The trial judge or a jury are not bound to decide in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number. (Code Civ. Proc., sec. 2061.)

Every presumption in equity favors the view that a written instrument deliberately executed expresses the true intent of the parties and the burden of showing that an instrument does not express the true intent or meaning of the parties is upon him who seeks to avoid its plain terms, and one who seeks the reformation of a contract on the ground of mutual mistake must show the mistake by clear and convincing evidence. (*Burt* v. *Los Angeles Olive Growers Assn.*, 175 Cal. 668 [166 Pac. 993].) The mistake must be a mutual mistake or a mistake of one party which the other knew or suspected. (Civ. Code, sec. 3399.)

The defendant was a hotel-keeper, had some considerable experience in business matters and dictated the lease in question to a real estate broker in the presence of the plaintiff and one of his sons. The realty broker then prepared the lease and it was executed by the parties. The realty broker could not remember anything being said about the loan and the defendant could not remember anything being said about the loan in the presence of the realty broker, but that does not of itself render defendant's testimony improbable. It may well be that all the parties when it came to drawing and dictating the lease forgot all about their agreement to make the lease conditional on obtaining the loan. Defendant's demeanor on the stand, his appearance and his manner of giving testimony may have been sufficient to convince the trial judge of the defendant's honesty, integrity and the truthfulness of his testimony. That being true, his testimony alone sustained the burden of proof, overcame the presumption that the written lease embodied the true intent of the parties and justified the trial judge in his conclusion that the plaintiff and his sons did not tell the truth on the stand.

640

■ Appellant also insists that the trial judge abused his discretion in permitting the defendant by an amendment to his answer to set out *in haec verba* the clauses alleged to have been omitted from the lease. As the answer stood previous to this, the appellant was informed of this contemplated defense. He could not have been taken by surprise and moreover he asked for no continuance of the trial to meet any alleged new issue. The granting of permission to file such amendment to the answer was not error, nor an abuse of discretion.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.