[Civ. No. 42598. Second Dist., Div. Four. June 17, 1974.]

WILLIAM ROGERS, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Graham & Kuhn and Lewis Graham for Plaintiff and Appellant.

John H. Larson, County Counsel, and Philip S. Miller, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**KINGSLEY, J.**—Plaintiff Rogers appeals from a judgment for the defendant County of Los Angeles rendered following a jury trial on the issue of liability, only.

### Statement of Facts

The facts, with the exception of those relating to alleged juror misconduct during deliberation, are set forth with great detail in a settled statement on appeal. Briefly restated, they are as follows:

At noon on August 19, 1967, two unknown persons dragged appellant from a hard-breaking, three-to-five foot surf at Manhattan Beach. He was blue, bloated and not breathing, but his heart was beating. Lifeguards administered first aid whereupon appellant became semiconscious and complained that he could not breathe. Apprised by a friend of appellant that appellant suffered from asthma, the lifeguards lifted appellant from a supine to a sitting position. Appellant again lost consciousness, stopped breathing, turned blue and did not have a heartbeat so that the lifeguards immediately returned him to a supine position and resumed aid. It was

this lifting to a sitting position that appellant argued was negligence on the part of the county lifeguards, causing a paralyzing injury to appellant's spine.

Appellant was transported from the beach by an ambulance to a hospital. It was there determined that he had suffered a fracture of his spine while in the surf and a transection of the spinal cord sometime between the time of his entry into the water and his removal from the beach to the hospital. As a result of the transection of the spinal cord, appellant is a partial quadriplegic.

At trial, a number of witnesses testified for both sides. Their conflicting testimony related primarily to: (1) the events on the beach, particularly the circumstances surrounding the lifting of appellant from a supine to a sitting position and the exact manner in which this was done, (2) the standard of care to be exercised by lifeguards confronted with a person in appellant's situation, and (3) transection of the spinal cord and the probable cause of a transection.

Appellant requested a number of jury instructions, nine of which were refused by the trial judge, including one regarding aggravation of a pre-existing injury.

The jury, by a vote of nine to three, returned a verdict for the respondent County of Los Angeles. In support of a motion for new trial, appellant presented an affidavit of juror Stowell, which stated that an unidentified juror who voted in respondent's favor remarked at some time between the commencement of deliberation and the return of the verdict that, "If we found for the Plaintiff, our taxes would be raised a lot because he was probably trying to get a lot of money." The trial court denied appellant's motion for a new trial and also his motion for judgment notwithstanding the verdict.

### Appellant's Contentions

1. There was insufficient evidence to sustain the verdict.

2. The trial court erred in its refusal to give certain requested instructions.

3. Juror bias and misconduct prevented a fair trial.

### 1. *Sufficiency of the evidence.*

Appellant first submits that no real conflict existed in the evidence and that the evidence introduced was insufficient to sustain the verdict in favor of the respondent. Regarding both the standard of care to be exer-

cised by lifeguards faced with the kind of situation at issue here and the actual conduct of these lifeguards, appellant argues that no real conflict in the evidence existed and the established facts dictated a verdict in appellant's favor.

This is simply not the case. There was conflicting testimony on the issue of the proper standard of care and whether it was exercised in the instant case. The American Red Cross Lifesaving and Water Safety Manual was used as a guideline, but its material on the subject was not so clear-cut as to be self-applying to the situation, as appellant's expert, Mr. Degn, indicated. Thus, a conflict existed as to what procedure would exhibit the exercise of a proper degree of care.

Regarding the actual conduct of the lifeguards, all three of them gave testimony to the effect that they followed proper lifting procedure when placing appellant in a sitting position. This was at odds with the accounts of various witnesses for appellant and thereby put the issue in conflict.

Appellant argues that respondent's testimonial evidence should be disregarded, but cites no reason why this should be done. Respondent's witnesses provided sufficient proof of the facts in the action. (Evid. Code, § 411; *Francis* v. *City & County of San Francisco* (1955) 44 Cal.2d 335, 340 [282 P.2d 496]; *Menning* v. *Sourisseau* (1933) 128 Cal.App. 635, 639 [18 P.2d 77].) In reviewing this evidence in a light most favorable to respondent's judgment, as this court must, we look only to see whether there was substantial evidence to support the verdict. (*Foreman & Clark Corp.* v. *Fallon* (1971) 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362]; *Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 245, pp. 4236-4237.) The testimony of the lifeguards provided substantial evidence that the proper degree of care was exercised. Accordingly, the verdict for respondent cannot be upset on appeal because of any claimed lack of sufficient evidence.

### 2. *Instructions to the jury.*

Appellant also argues that the trial court erred by its refusal to give the nine jury instructions which appellant requested. The settled statement, however, cites as error only the failure to give special instruction "D" which would have instructed the jury on the aggravation of a pre-existing condition. Since the condensed statement purported to cover only a portion of the oral proceedings, all points to be raised on appeal must be set forth in the settled statement. Failure to do so precludes appellant from presenting additional issues for review unless the reviewing court shall so permit him upon proper motion (Cal. Rules of Court, rule 7(a)). No such motion

was made before this court; appellant in his reply brief seems to concede that only the propriety of the trial court's refusal to give special instruction "D" is properly raised on appeal.

The trial court did not err in its refusal to give special instruction "D." It properly could conclude that the jury might be confused by its repetitious phrasing, i.e.: that "such aggravation is considered to be a proximate cause of the aggravation to the pre-existing condition or disability . . . ." The court may properly reject defective instructions and need not correct them. (*Shaw* v. *Pacific Greyhound Lines* (1958) 50 Cal.2d 153, 158 [323 P.2d 391]; *Davis* v. *Johnson* (1954) 128 Cal.App.2d 466, 473 [275 P.2d 563].)

When reviewing the adequacy of a trial court's instructions to the jury, a question is whether a material issue was withheld from the jury. Denial of the right to have a significant issue determined by the jury may be, in itself, a miscarriage of justice. (*People* v. *Conley* (1966) 64 Cal.2d 310, 319-320 [49 Cal.Rptr. 815, 411 P.2d 911].) It is well established that the instructions will be viewed as a whole to see if a material issue was withheld. As observed in *Cupp* v. *Naughten* (1973) 414 U.S. 141, 147 [38 L.Ed.2d 368, 373, 94 S.Ct. 396], "a judgment . . . is commonly the culmination of a trial which includes testimony of witnesses, argument of counsel, receipt of exhibits in evidence, and instruction of the jury by the judge. Thus not only is the challenged instruction but one of many such instructions, but the process of instruction itself is but one of several components of the trial . . . ."

Viewed in this light, it cannot be said that a material issue was withheld from the jury in the instant case. The trial judge gave a modified version of BAJI No. 2.60 on "Burden of Proof and Preponderance of Evidence." It instructed the jury that the following issues must have been established by the facts in order for plaintiff-appellant to prevail: (1) Negligence on the part of a county lifeguard and (2) that the negligence of a county lifeguard was a proximate cause of injury to the plaintiff.

The whole theory of plaintiff's case was that his back had been injured by the surf, that the lifeguards knew or should have known of that injury, and that their treatment of him—particularly the lifting—aggravated the back injury and caused the transection. All of the testimony turned on that contention. The jury could not have understood otherwise than that the claimed negligence consisted of aggravating the back injury incurred in plaintiff's surf-riding activity. When the testimony, including that of Dr. Sage for plaintiff and Dr. Dodge for defendant, is viewed in conjunction

with the instructions given, the jury must have understood, considered and determined the issue of the cause of the transection. No reversible error appears. (Cal. Const., art VI, § 13.)

### 3. *Juror bias and misconduct.*

■  Appellant finally maintains that juror bias and misconduct prevented a fair trial. It appears from appellant's opening brief that he is asking this court to review the trial court's denial of a motion for a new trial and, should we be convinced that there existed bias on the part of a juror and misconduct by that juror such that appellant was denied an impartial jury, we then should conclude that a motion for a new trial should have been granted pursuant to section 657, subdivision 2, of the Code of Civil Procedure.

It is established beyond question that the granting or denial of a new trial is a matter which rests in the discretion of the trial court. (*First National Finance Corp.* v. *Five-O-Drilling Co.* (1930) 209 Cal. 569, 577 [289 P. 844]; *Thomasset* v. *Thomasset* (1953) 122 Cal.App.2d 116, 131-132 [264 P.2d 626].) ■  The determination of a motion for a new trial rests so completely within the trial court's discretion that its decision on the matter will not be disturbed on appeal unless manifest and unmistakable abuse of discretion clearly appears. (*Jiminez* v. *Sears, Roebuck & Co.* (1971) 4 Cal.3d 379, 387 [93 Cal.Rptr. 769, 482 P.2d 681, 52 A.L.R.3d 92].)

We must also delineate precisely what is being considered in this portion of the appeal. While a verdict may be impeached by juror affidavits on the ground that a juror concealed bias on *voir dire* (*People* v. *Gidney* (1937) 10 Cal.2d 138, 146 [73 P.2d 1186]; *Williams* v. *Bridges* (1934) 140 Cal. App. 537 [35 P.2d 407]), appellant does not argue that there was such concealment here and has included no record of *voir dire* on appeal. The statement allegedly made by the unidentified juror, "If we found for the Plaintiff, our taxes would be raised a lot because he was probably trying to get a lot of money," does not lead inescapably to the conclusion that the juror concealed a biased state of mind on *voir dire*. Such an opinion may have been formed only after the particulars of the case were heard and the severity of the injury at issue gave rise to the inference that a large damage claim might be involved. We need not speculate on such matters, however, for the issue of concealed bias on *voir dire* is not before this court.

■  Nor need we consider the issue of any actual bias that may have existed in the mind of the unidentified juror. While jurors are competent

witnesses to impeach a verdict, they may only present affidavits to prove *objective* facts. That is, the only improper influences on a jury that may be proved under section 1150 of the Evidence Code in order to impeach a verdict are those open to sight, hearing and the other senses and thus subject to corroboration. (*People* v. *Hutchinson* (1969) 71 Cal.2d 342, 350-351 [78 Cal.Rptr. 196, 455 P.2d 132].) Juror Stowell's affidavit is competent to show that the statement was made by another juror; arguably this constituted misconduct which precluded a fair trial, but the affidavit does not show that the other juror actually entertained bias against the appellant. This being the case, any issue of a juror's taxpayer status and its possible prejudicial effect where the suit is against a county to which he pays taxes is irrelevant.

Instructive for our purposes here is *Weathers* v. *Kaiser Foundation Hospitals* (1971) 5 Cal.3d 98, 106-109 [95 Cal.Rptr. 516, 485 P.2d 1132], where the trial court granted a new trial to plaintiffs based upon affidavits of jurors showing not only improper conduct on the part of jurors but also remarks in derogation of plaintiffs' race and of obvious bias toward the hospital. The remarks were so prejudicial that the trial court concluded that there must have been concealment of bias on *voir dire*. The central point was that the trial judge is in a unique position to evaluate the partiality or impartiality of the jury. The Supreme Court emphasized that it was this discretion that was being upheld.

We do likewise here. The trial court could conclude that appellant had not been prejudiced. Moreover, the trial judge could properly have concluded that, even if the statement had been made and conceding that it was a remark generally unfavorable to appellant's cause, the remark was in fact quite irrelevant to the issue of the lifeguards' alleged negligence and the county's liability. (*Steward* v. *Hinkel* (1887) 72 Cal. 187, 191 [13 P. 494].) Thus, we find no abuse of the trial court's discretion in its denial of a new trial on the basis of juror misconduct.

The judgment is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.