[No. 14661.   Department Two. — August 26, 1893.]

KATE PENNEY ET AL., APPELLANTS, *v.* ALONZO R. SIMMONS, RESPONDENT.

DEED — MORTGAGE — ABSOLUTE CONVEYANCE — PRESUMPTION — FINDING. — The presumption of law, independent of proof, is that a deed absolute in form is what on its face it purports to be — an absolute conveyance; and this presumption should prevail unless the evidence is such as to leave in the mind of the trial judge a clear and satisfactory conviction that the deed was intended by all the parties as a mortgage, and in the absence of such evidence the finding should be against the party claiming it to be a mortgage.

ID. — PROVINCE OF TRIAL COURT — CONFLICTING EVIDENCE — APPEAL. — Whether in any case the evidence is sufficiently strong and clear to produce conviction that a deed absolute in form was a mortgage is matter for the trial court to determine; and the finding of the trial court that the deed was not intended as a mortgage will not be set aside upon appeal, when there is a substantial conflict in the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Carroll Cook*, and *J. E. Foulds*, for Appellants.

To have made the deed in this case anything other than a mortgage, there must have been a new and adequate consideration. (*Linnell* v. *Lyford*, 72 Me. 280; *McKinstry* v. *Conly*, 12 Ala. 683; *Baugher* v. *Merryman*, 32 Md. 185.). Where the relation of debtor and creditor existed between the parties before the making of the deed, courts of equity will always lean toward the creditor, and, if possible, construe the deed to be a mortgage. (*Locke* v. *Palmer*, 26 Ala. 312; *Goodman* v. *Pledger*, 14 Ala. 118; *Baugher* v. *Merryman*, 32 Md. 185; *Dougherty* v. *McColgan*, 6 Gill & J. 275; *McLeod* v. *Bullard*, 84 N. C. 515; 86 N. C. 210; *Barnes* v. *Brown*, 71 N. C. 509; *Jones* v. *Franks*, 33 Kan. 503, 504; *Villa* v. *Rodriguez*, 12 Wall. 323; *Odell* v. *Montross*, 68 N. Y. 499.) Whether a deed is in effect a mortgage is a question of the intention of the parties to effect a security for indebtedness. (*People* v. *Irwin*, 18 Cal. 117; *Henley* v. *Hotaling*, 41 Cal. 22; *Davis* v. *Baugh*, 59 Cal. 574; *Cook* v. *Lion F. Ins. Co.*, 67 Cal. 369.) To the effect that the deed must be considered as a mortgage, see *Pierce* v. *Robinson*, 13 Cal. 119; *Raynor* v. *Lyons*, 37 Cal. 453; *Russell* v. *Southard*, 12 How. 147; *Janes* v. *Throckmorton*, 57 Cal. 372; *Sears* v. *Dixon*, 33 Cal. 331; *Page* v. *Vilhac*, 42 Cal. 78; *Montgomery* v. *Spect*, 55 Cal. 354; *Cunningham* v. *Hawkins*, 27 Cal. 603; *Husheon* v. *Husheon*, 71 Cal. 411; *Peugh* v. *Davis*, 96 U. S. 332; *Taylor* v. *McLain*, 64 Cal. 514; *Healy* v. *O'Brien*, 66 Cal. 517; *Raynor* v. *Drew*, 72 Cal. 309; *Booth* v. *Hoskins*, 75 Cal. 271; *Smith* v. *Smith*, 80 Cal. 323; *Hall* v. *Arnott*, 80 Cal. 348.

*Blake, Williams & Harrison*, for Respondent.

The deed was undoubtedly intended for what it purports on its face to be—an absolute deed. (See *Henley* v. *Hotaling*, 41 Cal. 26.)

De Haven, J.—The plaintiffs brought this action to have a certain deed, absolute upon its face, declared to be a mortgage, and for a judgment directing the defendant, the grantor named

in such deed, to execute to plaintiffs a reconveyance of the property described upon the payment of the debt alleged to have been secured by the deed in question.

The action was tried by the court without a jury, and the court found that the deed referred to in the complaint was not intended as a mortgage, or as security for any debt.

The main contention of appellants upon this appeal is that this finding is not sustained by the evidence. In the late case of *Mahoney* v. *Bostwick*, 96 Cal. 53; 31 Am. St. Rep. 174, this court in discussing the nature of the proof required upon the part of the plaintiff in this class of actions, said that the "presumption of law, independent of proof, is that the instrument is what on its face it purports to be—an absolute conveyance; and that this presumption should be allowed to prevail unless the evidence offered to show that the deed was, in fact, intended as a mortgage, is entirely plain and convincing"; and it was further said that, "unless the evidence is such as to leave in the mind of the trial judge a clear and satisfactory conviction that the instrument, which in form is a deed, was intended by all the parties as a mortgage, the finding should be against the plaintiff."

Whether, in any case, the evidence is sufficiently strong and clear to produce this conviction is, like all other questions of fact arising in the trial, a matter for the trial court to determine (*Brison* v. *Brison*, 90 Cal. 327; *Ensign* v. *Ensign*, 120 N. Y. 656); and the finding of the trial court that the deed was not intended as a mortgage will not be set aside in this court when there is a substantial conflict in the evidence. We think this case presents such a conflict upon the point whether the deed mentioned in the complaint was intended by all the parties thereto as a mortgage, and for this reason the finding of the superior court cannot be disturbed by us.

The other questions discussed in the brief of counsel for appellants require no special consideration. It is sufficient to say that we discover no material error in the record.

Judgment and order affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.