ZEILDA FORSEE INVESTMENT COMPANY, Respondent, v. HENRY OZENBERGER, Appellant.

Kansas City Court of Appeals, June 29, 1908.

1. CONVEYANCES: Reformation: Evidence. Parties seeking to have an instrument in writing performed for fraud or mistake must show such fraud or mistake by evidence that is clear and convincing, since the instrument carefully and deliberately prepared is evidence of the highest character and will be presumed to express the intention of the parties until the contrary appears in the most satisfactory manner.

2. ——: ——: ——: Witnesses. While a reformation might be declared on sufficiently clear and precise testimony of one witness, yet courts should proceed with great care and caution unless it be positive and consistent with the other facts and circumstances in the case.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*Samuel S. Shull* for appellant.

(1) There was no attack made on the answer filed, by motion or otherwise. The answer sets out grounds for equitable action. The allegations fully show that in case there were two or more overflows, there should be reduction from the rents (one-half) for such years and that it was the intention of the parties to so write the lease. The omission was proven by an entirely disinterested witness whose veracity was unquestioned. Nothing in the record tends to raise any

question contrary to this evidence. Rather, every circumstance tends to support his testimony. Ozenberger, after renting from Forsee, sub-let part of the same land to Hall. He let it to Hall as he thought his lease let it to him—with one-half off for overflows. For 1904 he settled with Hall on that basis. Could a circumstance be stronger? Ozenberger had not yet read his lease when he settled with Hall. The right to reform the lease was fully proven.

*Eastin, Corby & Eastin* for respondent.

(1) Under the evidence appellant was not entitled to have the lease reformed as prayed for. The evidence offered was neither clear nor convincing. In no sense did it conform to the requirements necessary to secure relief. No mutual mistake was shown, "no certainty of error." Fanning v. Doan, 139 Mo. l. c. 412; Parker v. Vanhoozer, 142 Mo. 621; Henderson v. Beasley, 137 Mo. 199; Hunter v. Patterson, 142 Mo. 310; Benn v. Pritchett, 163 Mo. 560; Brohammer v. Hoss, 17 Mo. App. 1; Brocking v. Straat, 17 Mo. App. 304; Turner v. Shaw, 96 Mo. 27; Sweet v. Owens, 109 Mo. 7; Steinberg v. Insurance Co., 49 Mo. App. 255; Bartlett v. Brown, 121 Mo. 353; Clark v. Railway, 127 Mo. 255; Judson v. Mullinax, 145 Mo. 630; Morgan v. Porter, 103 Mo. 135.
(2) Defendant had the lease in his possession from and after November 10, 1901. He proceeded under the lease, as drawn, after that time and until the last two notes were due and suit instituted thereon without objection and without any mention of the fact that he claimed any rights different to those which the lease secured to him. Reformation on account of mutual mistake will not be decreed to one guilty of such negligence, laches and delay. Parker v. Vanhoozer, 142 Mo. 621; Miller v. Railway, 162 Mo. 424; Ready v. Smith, 170 Mo. 163; Brown v. Fagan, 71 Mo. 563; Chamberlain v. Pelts, 1 Mo. App. 183; Handrum v. Bank, 63 Mo. 48;

Smith v. Washington, 11 Mo. App. 519; Sanderson v. Vaelcker, 51 Mo. App. 328; Renfroe v. Renfroe, 54 Mo. App. 429; Bradshaw v. Yates, 67 Mo. 221; Mathias v. O'Neill, 94 Mo. 520.

BROADDUS, P. J.—The plaintiff corporation sues on two promissory notes for $200, each executed by defendant November 10, 1901, and payable in fifty-two months from date, to the order of Zeilda Forsee and assigned to plaintiff. The notes were a part consideration for a lease of Zeilda Forsee's farm situated in Buchanan county, Missouri, near One Hundred and Two River, for a term of five years, commencing on the 1st day of March, 1902, and ending on the 28th day of February, 1907. The consideration for the use of the farm was evidenced by ten promissory notes to-wit: Two notes for $150 each, one due March 1, 1902, the other due September 1, 1902; and eight for $200 each due in their order; viz., March 1, 1902; September 1, 1902; and so on, the last note being due September 1, 1906. The two latter being the notes in suit.

The said Zeilda and defendant entered into a writing in which is recited the terms, conditions and extent of the lease. The defendant in his answer sets up by a way of cross-bill this writing and alleges that it did not include the entire contract as made by the parties, and asks that it be reformed. The part alleged to be omitted is as follows quoting the language of the answer: "That preparatory to the drawing of said lease the matter was fully talked over between this defendant and scrivener who was to draw the said lease, and who was representing at the time said Zeilda Forsee, and they agreed and fully understood that that said lease should contain a clause which should provide that if the land at the time being leased to said Ozenberger, this defendant, should overflow or be overflowed from or by the One Hundred and Two River, which runs

along or by or through said lands, to the extent of two or more overflows during the five years that the lease of said land should run, then in that event one-half of the rent for the years so overflowed should go off and not be collected from said Ozenberger, and that he should be rebated to that extent from the payment of full rental or the full amount of the notes drawn up for the rentals of said farm, and that the rebating of any amounts to this defendant from or off of any of his said notes should not take place or be allowed to him except at the end of his lease, which was to expire by the terms thereof on the 28th day of February, 1907. Said language and terms were omitted from said lease and not inserted by reason of a mutual mistake, accident and oversight of the parties thereto who drew and wrote said lease." The answer then proceeds to state certain overflows which would authorize a rebate if allowed in excess of the two notes in suit, and a judgment is prayed for such excess over and against the plaintiff.

James F. Pitt, who wrote the lease and who was the agent of Zeilda Forsee, had died before the trial. Under the circumstances the defendant was not a competent witness. The only witness who claimed to have been present at the time the lease was written was a man by the name of Henry Tripps. Tripps testified that the writing did not contain all that "was talked;" that he did not himself talk to Mr. Pitt; but that he heard the talk between defendant and Pitt relative to the terms of the lease and what was to be written in it; that defendant, "asked Mr. Pitt how it would be if there would be two or more overflows, and they agreed if there would be two or more overflows in the five years half of the rent would go off in them years when it overflows;" that deduction or rebate on account of such overflows were to be made at the last part of the term of the lease; and that a reduction of one-half of the rent would be made for each year the land overflowed.

The witness was asked if the lease was read over to defendant after it.had been written, or if defendant read it to himself, to which he answered, "No." That Mr. Pitt said "here is that contract made, just the way we talked it over;" to which defendant said nothing in reply.   He was asked on cross-examination if he could testify from hearing the conversation between Pitt and defendant; or to all the various terms and conditions that the lease was to contain, to which he answered: "I know they talked about cutting wood, and they talked about fence that would have to be put up;.that's about all I heard—and about the water."   The defendant claims that he had no knowledge of the alleged omissions from the written lease until after the eighth note became due.   There was no other witness as to what transpired at the time the lease was written. Defendant admitted that he had a copy or duplicate of the lease all the time in his possession.   The defendant introduced evidence to support his claim for the alleged overflows and destruction of his crops by water from the stream mentioned.   The court dismissed the defendant's cross-bill and rendered judgment against him for the notes in suit and interest, from which defendant appealed.

The principal question in the case is whether defendant made out such a case as would authorize a court to reform the lease as asked.   It is the contention of defendant that his evidence was clear and positive, that the mistake had occurred which resulted in the omission from the lease of the important condition referred to in the answer and the evidence of the witness Tripps.   His statement was clear enough in that respect, but it does not necessarily follow that the statement of a single witness however clear and positive it may be, should control the decision of a chancellor in a matter of such grave responsibility as the reformation of a contract in an important particular.   It may be

that the circumstances of the case might have convinced the court that owing to the long lapse of time or for some other cause the witness was mistaken, or that he was willingly stating an untruth.

There were circumstances in this case which were well worth consideration by the court before it accepted the uncorroborated statement of the witness Tripps. Among these circumstances is the strangeness of the alleged omission that defendant should not have credit for the years in which he might sustain a loss by the overflow of the land, the time he would most likely be benefited by it, but that it should be deferred until the last payment for rent became due; that it was strange and unusual that the lessor's agent Pitt and defendant should enter into so important an agreement without it having been read over in order to see whether it contained the full understanding of the parties; that it was not probable that Pitt who wrote the lease should have omitted the matter when it is found on inspection of the writing, that it was most carefully and particularly worded and the work of an experienced and skillful scrivener, unless he did so purposely, and relied on the credibility of defendant to accept his word for what it contained without having it read to him; and when we consider that the witness could only remember that the contract only referred to the cutting of wood, and fencing and the matter in controversy, among so many other provisions of the lease the court might well have hesitated to have taken the word of the single witness to the transaction which had occurred six years previously. The evidence and the circumstances left the case in doubt, as to the preponderance of proof.

The rule however is such that "The party seeking to have an instrument in writing reformed for fraud or mistake must show such fraud or mistake by evidence that is clear and convincing; for the written instrument

carefully and deliberately prepared and executed is evidence of the highest character and will be presumed to express the intention of the parties to it until the contrary appears in the most satisfactory manner." [Fanning v. Doan, 139 Mo. 392.] And such is the holding in Parker v. Vanhoozer, 142 Mo. 621; Clark v. Transfer Co., 127 Mo. 255; Bartlett v. Brown, 121 Mo. 353, and in many other cases.

Our attention has been called to an Arkansas case, wherein it is held that a deed will not be reformed, on the ground of mistake on the testimony of a single witness, which is contradicted. [Marquette Timber Co. v. Charles T. Abeles & Co., 99 S. W. 685.] The inference that appellant seeks to draw from the decision is that the testimony of one witness would be sufficient in such cases if it stood uncontradicted. But there is no such intimation in the opinion. And we are not called upon and do not hold that the testimony of single witness might not be sufficient to support a decree for reformation of a written instrument. But we do hold that in an instance of that kind, the court should proceed with great care and caution, and unless the testimony of the witness be very clear and positive and consistent with all the other facts and circumstances, to refuse reformation. We have called attention to certain facts and circumstances in the case which appear to us and no doubt did to the chancellor who tried it, as inconsistent with the alleged mutual mistake. We believe the court adopted the correct theory of the case and arrived at a just and equitable conclusion.

As the other branch of defendant's defense depended upon the establishment of his cross-bill what we have said disposes of all the other questions raised on the appeal. Affirmed. All concur.