[Civ. No. 7117. First Appellate District, Division Two.—December 3, 1929.]

THEODORE J. WELK, Respondent, v. W. J. CONNER et al., Defendants; NEWTON J. SKINNER, Appellant.

A. C. Routhe for Appellant.

Parker, Moote & Longcroft for Respondent.

DOOLING, J., *pro tem.*—On November 13, 1913, Theodore J. Welk recovered two judgments in the Superior Court in separate actions in each of which the appellant Newton J. Skinner was a defendant. On March 14, 1927, Welk having died, his administrator procured from the Superior Court an order for the issuance of a writ of execution in one of these actions, No. B3694. Thereafter appellant moved the court for an order recalling and vacating said writ of execution and also for an order declaring such judgment satisfied under section 675 of the Code of Civil Procedure. These motions were denied and from the orders denying them this appeal is taken.

While fourteen separate grounds were stated in support of the motion they are but different ways of stating two grounds: 1. That the trial court committed an abuse of discretion in ordering execution to issue after a lapse of thirteen years from the entry of judgment, and 2. That by agreement of the parties the judgment had been satisfied, though not of record, shortly after its entry.

The first of these grounds may be briefly disposed of by reference to the following decisions: *Harlan* v. *Harlan,* 154 Cal. 341 [98 Pac. 32]; *Weldon* v. *Rogers,* 151 Cal. 432 [90 Pac. 1062]; *Doehla* v. *Phillips,* 151 Cal. 488 [91 Pac. 330]; *Demens* v. *Huene,* 89 Cal. App. 748 [265 Pac. 389]. These cases clearly settle the rule that under section 685 of the Code of Civil Procedure the mere lapse of time after entry of judgment does not deprive the trial court of the power to order the issuance of execution.

The second ground requires an examination of the evidence before the trial court on the motions. In support of his motions appellant filed two affidavits, both made by himself. From these and the documentary evidence introduced it appears that in action No. B3694 judgment was entered in favor of plaintiff for $1760, together with $10.50 costs and $75 attorney's fees. In the other action, No. B3693, judgment was entered for the foreclosure of a chattel mortgage in the amount of $7,406.20, together with $11.25 costs and $350 attorney's fees. On March 14, 1916, the sheriff returned a decree of foreclosure partially satisfying the judgment in the foreclosure proceeding. Thereafter, and

on October 27, 1917, Welk executed an assignment of judgment to a corporation, the Foundation Co., which assigned "a certain judgment recovered by the party of the first part (Welk) on the 13th day of November 1913 . . . against Newton J. Skinner and W. J. Conner, for the sum of Seven Thousand Four Hundred Six and 20/100 Dollars ($7406.20) Eleven and 25/100 Dollars ($11.25) costs, and Three Hundred Fifty ($350.00) Dollars attorney's fees." It will be observed that these are the exact amounts for which judgment was entered in the foreclosure proceeding, No. B3693.

Subsequently and on April 12, 1927, the Foundation Co. assigned in writing to appellant all its interest in both judgments, Nos. B3693 and B3694.

Appellant in his affidavit stated that the true intention of the parties when the assignment was made to the Foundation Co. in 1917 was that both judgments should be assigned, both judgments, so he claims, having been actually paid to Welk and satisfied on that date. This contention is supported in appellant's affidavits by a long, circumstantial recital of facts which if believed would support appellant's contention. The only real contradiction of the facts recited in these affidavits is found in the terms of the assignment from Welk to the Foundation Co. and the fact that no effort was made to reform that assignment for a period of ten years after its execution. We disregard an affidavit of Welk's administrator setting out certain statements made by Welk before his death tending to show that the judgment in this action was never satisfied, because those statements are clearly self-serving declarations of the decedent.

In this state of the evidence appellant claims that it was an abuse of discretion for the court to disregard his evidence given by affidavit which, according to his contention, was absolutely uncontradicted. With this, we cannot agree. There would be no security in any written document if after the death of one party to it the other party, by his own uncorroborated testimony, could compel a court to reform it unless that testimony was contradicted by the testimony of other witnesses. If this were the law the very purpose of reducing agreements to writing would frequently be thwarted. Welk, the owner of the judgment, has been removed by death beyond reach of the process of any earthly

court. He has left, however, his own written assignment to the Foundation Co. which very clearly operates to assign one judgment, and just as clearly, on its face, does not operate to assign the other. The reference in the assignment to the exact amounts of the judgment in the foreclosure action makes this unmistakable.

While the precise question raised in this case has not been presented to the appellate courts of this state, authority is not wanting from other jurisdictions. In *Moore* v. *Crawford*, 130 U. S. 122 [32 L. Ed. 878, 9 Sup. Ct. Rep. 447, 450; see, also, Rose's U. S. Notes], the Supreme Court of the United States, quoting with approval from *Kent* v. *Lasley*, 24 Wis. 654, said: "It is only when an oral agreement is clearly and satisfactorily proven by testimony above suspicion and beyond reasonable doubt, that it will be enforced to establish rights in land at variance with the muniments of title, and it is open to question 'whether, in any · case, after the decease of the grantee, the unaided testimony of the grantor alone, however intelligible and credible he may be as a witness, should be held sufficient to set aside and invalidate the title claimed under it.' "

In *Harter* v. *Christoph*, 32 Wis. 245, the court said that "it would be an extreme case which would justify the court in reforming or defeating a written instrument for mistake therein, upon the uncorroborated testimony of a party to it, although such testimony was uncontradicted."

In *Zeilda Forsee Inv. Co.* v. *Ozenberger*, 132 Mo. App. 409 [112 S. W. 22, 23], the Missouri court of appeals made the following statement: "We are not called upon and do not hold that the testimony of a single witness might not be sufficient to support a decree for reformation of a written instrument. But we do hold that, in an instance of that kind, the court should proceed with great care and caution, and, unless the testimony of the witness be very clear and positive and consistent with all the facts and circumstances, to refuse reformation."

To similar effect see *Crilly* v. *Board of Education of Chicago*, 54 Ill. App. 371; 34 Cyc., p. 989.

▮ There is a presumption of law that a written instrument deliberately executed, correctly expresses the intention of the parties. (22 Cal. Jur., pp. 739, 740, sec. 22; *Penney* v. *Simmons*, 99 Cal. 380, 382 [33 Pac. 1121]; *Mahoney* v.

*Bostwick*, 96 Cal. 53, 58 [31 Am. St. Rep. 175, 30 Pac. 1020]; *Burt* v. *Los Angeles Olive Growers Assn.*, 175 Cal. 668, 675 [166 Pac. 993].) This presumption, while disputable, is itself evidence sufficient to support the implied finding of the court in this case (10 Cal. Jur., pp. 744, 745, sec. 64; *Estate of Wiechers*, 199 Cal. 523, 530 [250 Pac. 397]), even though contradicted by appellant's testimony. "The courts have frequently held the testimony of a single witness not to be such clear and convincing proof as is required to sustain a verdict or finding where it was offered for the purpose of varying or contradicting a writing, or was opposed by a strong presumption of law, as, for instance, the presumption that a written instrument expresses the real intention of the parties." (23 C. J., pp. 54, 55.)

It follows that the trial court was not bound to decide that the assignment from Welk to the Foundation Co. did not correctly state the intention of the parties.

The orders appealed from are accordingly affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.