[Civ. No. 1716. Fourth Appellate District.—August 27, 1935.]

CALIFORNIA TRUST COMPANY (a Corporation), Respondent, v. J. J. COHN et al., Appellants.

D. Chase Rich for Appellants.

Goudge, Robinson & Hughes, David A. Sondel and Swanwick, Donnelly & Proudfit for Respondent.

JENNINGS, J.—The plaintiff instituted this action to quiet its title to certain land in Los Angeles County. The complaint alleged that the defendants claimed some interest in the land, that such claim was without right, and concluded with a prayer that defendants be required to set forth the

nature of their claim and that it be adjudged to be without right, and void and that defendants be perpetually enjoined from asserting any claim to the land.

To the above-described complaint the defendants filed an answer and a cross-complaint. The latter of these pleadings is of particular importance on this appeal. It contained the following allegations: That on May 15, 1926, the plaintiff was the owner of the land and on said date represented to defendants that if they would pay to plaintiff the sum of $7,500 plaintiff would thereafter hold the title to the land in trust for the use and benefit of defendants and on or before May 15, 1927, plaintiff would sell the land to another purchaser at a price that would yield to defendants a profit of $10,000; that on the above-mentioned date plaintiff made a number of other representations· and further that plaintiff stated that it would prepare and execute a written agreement which would contain the aforesaid representations and agreements and no other agreements whatsoever; that acting solely in reliance upon the various representations so made the defendants paid to plaintiff the sum of $7,500. It is then alleged that on August 13, 1926, plaintiff presented to defendants for signature a written contract which it represented contained all of the various statements, representations and agreements previously made by plaintiff and that it contained no representation or agreement which had not theretofore been agreed to by the parties; that defendants fully believed and solely relied on the representation thus made and without reading the contract signed and executed the same. It is then alleged that the various statements and representations, and in particular the representation that the written contract contained all representations theretofore made by plaintiff, were false and untrue, were known by plaintiff to be false and were made with intent to deceive and defraud defendants. It is further alleged that on October 17, 1927, plaintiff demanded that defendants pay to plaintiff an additional $7,500 in accordance with the terms of the written contract, whereupon defendants for the first time read the written agreement signed by them on August 13, 1926, and discovered the fraud which plaintiff had practiced upon them. The pleading avers that defendants immediately renounced "and do hereby renounce" the written contract of August 13, 1926, and declared that the only agreement which they made with respect to the

real estate was contained in the various statements, representations and agreements which were made on May 15, 1926. It is further alleged that defendants have been damaged in the sum of $1,000 for attorney's fees in protecting their interest in the property and in the additional amount of $17,500 with interest thereon from May 15, 1927, caused by plaintiff's failure to resell the land as it agreed to do. The prayer of the pleading is threefold: First, that it be decreed that plaintiff holds legal title to the land as trustee for defendants; second, that the written contract of August 13, 1926, be so reformed that it shall contain all of the representations, statements, and agreements alleged to have been made by plaintiff on May 15, 1926, and that all terms and provisions of the said agreement which are contrary or repugnant to such prior representations or which are in addition thereto be canceled; third, that defendants be awarded the above-mentioned total sum of $18,500 as damages.

When the case was called for trial, the defendants, through their counsel, stipulated in open court that the plaintiff was entitled to a judgment quieting its title to the land unless the defendants should prevail under the allegations of their cross-complaint. Upon the conclusion of the trial, judgment was rendered in favor of plaintiff by the trial court. From the judgment thus rendered defendants have prosecuted this appeal.

The first contention advanced by appellant is that the trial court erroneously ruled that appellants had failed to establish that the Santa Monica Land and Water Company was the agent of respondent at the time the various alleged misrepresentations regarding the land and the written contract providing for its sale to appellants were made. It is pointed out that the evidence produced by appellants in support of the allegations of their cross-complaint showed that certain statements and representations were made to appellants by Phillip J. Connors on May 13, 1926, the date on which appellants signed a written application for reservation of the land addressed to the Santa Monica Land and Water Company and the date on which appellants paid the sum of $3,000 as an initial deposit on the agreed purchase price to be paid for the land. It is also urged that the evidence showed that certain other representations were made by Connors on August 15, 1926, the date on which appellants signed the formal written

agreement by whose terms they obligated themselves to buy the land for the price specified in the contract and the date on which appellants paid the further sum of $4,500, which together with the $3,000 previously paid made up the total sum of $7,500 which the contract recited had been paid in cash on the purchase price prior to the signing and delivery of the contract. It is next pointed out that it was conceded during the trial of the action that Connors was the agent of the Santa Monica Land and Water Company and that respondent's answer to the cross-complaint admitted that respondent had received the entire amount of $7,500 paid by appellants on the purchase price of the property. It is also observed that respondent's complaint alleged that it was the owner of the land which formed the subject of the written contract executed by appellants on August 13, 1926.

In connection with this contention it should be noted that the trial court made no express finding on the question of agency. Examination of the record impels the conclusion that the court entertained the opinion that the relationship of agency between the Santa Monica Land and Water Company and respondent had not been established by appellants. For the purposes of this opinion and without here passing upon the correctness or incorrectness of the court's opinion regarding the question of agency, it will be assumed that the contention of appellants in this regard is correct and that the Santa Monica Land and Water Company was the agent of respondent at all times material to the present inquiry.

The second contention advanced by appellants is that the trial court erroneously found that appellants were not defrauded by respondent. In this regard, it is declared that the undisputed evidence produced by appellants showed that various representations were made by the agent Connors to appellants on May 15, 1926, which were false and which induced appellants to enter into the contract and to part with their money in reliance thereon. It is particularly urged that the evidence showed that Connors stated to appellant Cohn on August 15, 1926, when he presented the formal written agreement for the signature of appellants that all of the previous statements, representations, and agreements were contained in the document, whereas none of them was therein contained. Especial reference is made to the fact that the written contract failed to contain a representation made by

Connors on May 15, 1926, that if appellants would pay the sum of $7,500 on account of the purchase price of the lot he would resell it for them within a year for a price that would yield them a profit of $10,000. The broad contention of appellants that the trial court erroneously decided that they were not defrauded by respondent or by its agent necessitates an analysis of appellants' cross-complaint and some consideration of the evidence bearing upon the question of fraud.

The task of analyzing the cross-complaint upon which appellants relied as establishing a cause of action for affirmative relief has been simplified by reason of the fact that this pleading has heretofore received the attention of the Supreme Court in *California Trust Co.* v. *Cohn,* 214 Cal. 619 [7 Pac. (2d) 297]. Reference is there made to the pleading as a "three fold cross-complaint" due to the fact that its prayer demands threefold relief. At page 628 of the above-mentioned volume it is declared that "the relief sought by way of damages is but incidental and ancillary to the prayer for a decree reforming the written contract and declaring plaintiff to hold lot 2 in trust for the purpose alleged". It is also stated at the top of the same page that in the opinion of the reviewing court "the defendants' second amended cross-complaint alleges a good and sufficient cause of action for reformation of the written contract".

It is therefore our opinion based upon the analysis of the pleading made by the Supreme Court in the above-cited decision and upon our own reading of it that the cross-complaint alleged a cause of action for reformation of a written contract so that it should be made to conform to a prior oral agreement and that the relief sought by it is threefold, viz., (1) reformation; (2) a decree that respondent holds legal title as trustee for itself and appellants for the purpose of re-selling the land at a price which will yield to appellants a profit of $10,000; and (3) a judgment for damages in the amount specified caused by respondent's false representation that it would resell the land within a year at a price that would return to appellants their initial payment of $7,500 and a profit of $10,000 on their investment. It is apparent that the principal representation which appellants desired to have incorporated in the written contract was that whereby respondent allegedly obligated itself to resell the land at a profit to appellants of $10,000. This is evident from

the fact that the amount claimed by way of damages is the exact amount which appellants claim they are entitled to receive because of respondent's failure to have performed the alleged oral agreement to resell the property at a profit of $10,000 plus the sum of $1,000 alleged to have been expended by them as attorney's fees in this action. It is also evident from the fact that the purpose for which it is asked that the court decree that respondent holds legal title in trust for appellants is that respondent shall perform the alleged oral agreement to resell the property at the above-mentioned profit to appellants.

So far as the evidence is concerned it must be conceded that appellants produced evidence which, if it had been believed by the trial court, would have entitled appellants to the remedy of reformation. Appellant Cohn testified positively that the various representations alleged in the cross-complaint were made to him by the agent Connors on May 15, 1926, and that when Connors brought the written contract to him for his signature on August 13, 1926, Connors stated that he need not read the instrument as all of the various representations which Connors had previously made to him were incorporated in the contract. Connors, who was called as a witness by appellants, likewise testified that he had made the various alleged representations to Cohn and that he told Cohn on August 13, 1926, that he need not read the written contract since it contained all of the representations and statements which he had theretofore made to Cohn. If, therefore, as appellants contend, no other evidence bearing on the question of prior representations was submitted to the trial court, the contention of appellants that the court erroneously decided that no fraud was perpetrated on them by respondent or by an agent acting in its behalf and that therefore the remedy of reformation is not available to appellants must be sustained. However, in considering whether or not the written agreement should be reformed, it must be borne in mind that the trial court had to determine whether the written contract expressed the real agreement of the parties or whether it did not due to the absence from its provisions of one or more of the various representations which the evidence of appellants showed were made by Connors. In arriving at a solution of the problem, the written contract itself was an important factual element, evidence of a high order that could not be disregarded.

Furthermore, this important evidentiary factor derives no inconsiderable support from the established legal presumption that, having been deliberately executed, it correctly expressed the intention of the parties. (*Welk* v. *Conner,* 102 Cal. App. 286, 289 [282 Pac. 963].) The presumption is not conclusive and may be overcome by satisfactory evidence which shows that the written instrument is not in conformity with the true agreement of the parties. The burden of overcoming the presumption, however, rests upon him who seeks to avoid the plain terms of the written contract. (*Hochstein* v. *Berghauser,* 123 Cal. 681, 684 [56 Pac. 547] ; *Burt* v. *Los Angeles Olive Growers Assn.,* 175 Cal. 668, 675 [166 Pac. 993] ; *Oakdale Mercantile Co.* v. *Baer,* 128 Cal. App. 350, 354 [17 Pac. (2d) 779] ; *Menning* v. *Sourisseau,* 128 Cal. App. 635, 639 [18 Pac. (2d) 77].) ▉ This burden is rendered the more onerous because of the announced rule that the evidence which is relied upon to establish the existence of fraud or mistake as a ground for revision must be clear and convincing and not loose, equivocal or contradictory, leaving the question of fraud or mistake in doubt. (*Burt* v. *Los Angeles Olive Growers Assn., supra; Dale* v. *Dale,* 87 Cal. App. 359, 369 [262 Pac. 339].) While the authorities cited are cases wherein reformation was sought on the ground of mistake, the presumption is equally efficacious as evidence where the remedy of revision is sought on the ground of fraud. Section 3399 of the Civil Code, which expresses in statute form the familiar equitable principle that a written contract may be reformed when it is made to appear that the instrument does not express the intention of the parties makes no distinction between fraud and mistake as grounds for revision. (*Wolfe* v. *Morgan,* 95 Cal. App. 656, 658 [273 Pac. 64].) The aforesaid presumption is evidence entitled to consideration in either event and the burden of overcoming it rests upon the party seeking revision whether he relies upon fraud or mistake as the ground upon which he rests his prayer for reformation.

▉ In connection with the contention that the trial court's denial of the remedy of reformation is not justified by the evidence it should also be noted that it was conceded that appellants did not read the written contract prior to their execution of it. They sought to excuse their failure in this regard by the production of evidence which showed that, when the contract was presented to appellant Cohn for his signature, he

commenced to read it but, upon the assurance of the agent Connors that the instrument contained all of the various representations and statements theretofore made to him by Connors he ceased reading and affixed his signature and shortly afterward informed the appellant Gibbons of the assurance that Connors had given him, whereupon Gibbons also signed the document without reading any of its contents. While it is true that, as was said in *Los Angeles & Redondo R. R. Co.* v. *New Liverpool Salt Co.*, 150 Cal. 21 [87 Pac. 1029], the mere failure of a party to read an instrument with sufficient attention to perceive an error or defect in its contents will not prevent reformation of the instrument, this means no more than that a satisfactory explanation of the failure to read will justify a trial court in holding that the explanation relieves the party from a charge of negligence which, if unexcused, might properly warrant denial of the remedy of reformation. In the instant case the trial court was not bound to accept the naive explanation offered by appellants as an excuse for their failure to read the written contract. It is apparent from an examination of the record that the court took the view either that the failure to read comprehendingly was not sufficiently explained or that in fact the instrument was read comprehendingly and that appellants were merely attempting to escape the consequences. It is immaterial which of these two views the court adopted. The evidence under the peculiar circumstances of this case sustains either of them. (*Burt* v. *Los Angeles Olive Growers Assn., supra; Security First Nat. T. & S. Bank* v. *Loftus,* 129 Cal. App. 650, 654 [19 Pac. (2d) 297].)

Appellants appear to contend that the evidence which they produced made out a clear case of fraud and that they were therefore entitled to recover damages irrespective of whether or not they were afforded relief in the form of reformation. Again, it must be conceded that the record shows the production of evidence by appellants which would have warranted the trial court in granting relief in the form of damages. However, the presence in the evidence of the formal written contract may not be overlooked. The trial court was not bound to accept the testimony of appellants' witnesses in preference to the written contract which superseded all the negotiations and stipulations concerning its subject-matter which preceded or accompanied the execution of the instru-

ment.   (Sec. 1625, Civ. Code; *Russell* v. *Riley & Peterson*, 82 Cal. App. 728, 734 [256 Pac. 557].)   Whether, therefore, the problem is considered from the point of view of the remedy of reformation or of the incidental remedy of damages for fraud, the fact remains that the written contract of the parties was before the court as an important factor in the case, particularly in view of the above-mentioned presumptions.   The most that can be said with respect to the contention of appellants that the trial court erroneously found that appellants were not defrauded is that the findings absolving respondent from fraud are based on evidence that was conflicting which effectually forecloses a reviewing court from disturbing the criticized findings.

With respect to the contention that the trial court should have decreed that respondent held legal title to the land as trustee for itself and appellants for the purpose of resale at a price that would yield a profit of $10,000 to appellants within a year, the same observations which have been made regarding the remedies of reformation and allowance of damages for alleged fraud are applicable.   Appellants' claim that they are entitled to such a decree is dependent on the contention that the undisputed evidence demonstrated that respondent's agent orally agreed that respondent would resell the land within a year at a price that would yield the specified profit. Unfortunately for appellants, the written contract which appellants themselves produced in evidence contained no such agreement.   It may not therefore be declared that the evidence as to the making of the promise was undisputed.   The testimony of the witnesses of appellants that such a promise was orally made is contradicted by the formally and deliberately executed written contract which contains no provision whatever respecting a resale of the property.

The view which we take of the case renders unnecessary any consideration of other contentions advanced by appellants.

The judgment from which this appeal has been taken is therefore affirmed.

Marks, Acting P. J., concurred.

Barnard, P. J., not being present, did not participate in this opinion.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 24, 1935.