**CENTRAL MFRS. MUT. INS. CO. et al. v. JIM DANDY MARKETS, Inc. et al.**

No. 6833.

District Court, S. D. California, Central Division.

April 15, 1948.

In a Complaint for declaratory relief, 28 U.S.C.A. § 400, Rule 57, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the plaintiffs, Central Manufacturers' Insurance Company, a corporation, and Indiana Lumbermen's Mutual Insurance Company, a corporation, seek a declaration of rights against the defendants Jim Dandy Markets, Inc., a corporation and E. F. Smith.

On July 19, 1946, the plaintiffs issued two policies of fire insurance in the sum of $12,500 each upon a store building in the City of Bell, Los Angeles County, California. The policies were originally taken out in the name of certain individuals doing business under the name of Jim Dandy Markets. Later the name of the insured was changed to Jim Dandy Markets, Inc., a corporation.

On July 5, 1945, a policy of fire insurance on the same premises was issued by the Fireman's Fund Insurance Company to E. F. Smith in the sum of $16,700.

The building was completely destroyed by fire on January 15, 1947.

Because of conflicting claims by the Jim Dandy Group and Smith to the proceeds of the policies and the dispute between the plaintiffs and the Fireman's Fund Insurance Company on the question of apportionment of the loss, a declaration of rights is sought.

In addition to the Answers which, in general, concede, at least so far as the Jim Dandy Group and E. F. Smith are concerned, the existence of a controversy, two cross claims were filed. E. F. Smith has filed a cross claim against the Jim Dandy Group seeking the reformation of an assignment of lease dated June 27, 1946, covering the premises destroyed by fire. His contention is that the assignment carried only the business, stock in trade and fixtures on the premises and did not convey any right, title or interest to the building. In another cross claim, by the Jim Dandy Group, against E. F. Smith, it is sought to recover the proceeds of the policy issued to Smith by Fireman's Fund Insurance Company.

Other facts appear in the opinion.

Thomas P. Menzies and Harold L. Watt, both of Los Angeles, Cal., for plaintiffs.

Harry G. Sadicoff, of Los Angeles, Cal., for defendant Jim Dandy Markets, Inc.

Hindman & Davis and E. Eugene Davis, all of Los Angeles, Cal., for defendant Fireman's Fund Ins. Co.

Clyde Thomas and Milan Medigovich, both of Los Angeles, Cal., for defendant E. F. Smith.

YANKWICH, District Judge (after stating the facts as above).

The above-entitled cause heretofore tried, argued and submitted, is hereby decided as follows:

I. On the plaintiff's complaint seeking declaratory relief, the declaration will be for the defendant as follows:

(a) The defendant Jim Dandy Markets, Inc., had an insurable interest in the building which was covered by the policies of fire insurance dated respectively June 19, 1946, and July 19, 1946, under their conditional sales contract for the assignment of the leasehold, dated June 27, 1946 (Defendant's Exhibit 10).

(b) The loss payable under the policies totaling the sum of $25,000.00 is due from the plaintiffs to the defendant Jim Dandy Markets, Inc., and is not apportionable between the plaintiffs and the defendant Fireman's Fund Insurance Company, under the policy of insurance between the latter company and the defendant and cross-claimant, E. F. Smith, dated July 5, 1945.

II. Under the cross-claim of the defendant E. F. Smith against the defendant Jim Dandy Markets, Inc., a corporation, seeking reformation of that certain assignment of lease, dated June 27, 1946, judgment is ordered in favor of the defendant Jim Dandy Markets, Inc., on the finding that said assignment of lease conveyed to the defendant Jim Dandy Markets, Inc., all the rights, title and interest of E. F. Smith to the leasehold, including all the rights he had to the building thereon, and that there is no showing of mutual mistake in the execution of said assignment.

III. Under the cross-claim of the defendant Jim Dandy Markets, Inc., against defendant E. F. Smith, judgment is ordered in favor of the defendant E. F. Smith, that the defendant and cross-claimant Jim Dandy Markets, Inc., is not entitled to any of the proceeds of the insurance policy issued to the defendant E. F. Smith by the defendant Fireman's Fund Insurance Company.

For the guidance of counsel in preparing the findings, the Court states the grounds for its conclusions.

Comment.

The action being based on diversity of citizenship, the rights of the parties under the policies of insurance and under the assignment of lease are governed by state law. Angel v. Bullington, 1947, 330 U.S. 183, 191, 192, 67 S.Ct. 657. Under California law, the vendee under a conditional sales contract has an insurable interest, as the sole owner of the property. Kaufman v. All Persons, etc., 1911, 16 Cal. App. 388, 117 P. 586; Kavanaugh v. Franklin Fire Ins. Co., 1921, 185 Cal. 307, 311, 312, 197 P. 99. Such title is not, in any way, affected by the fact that the assignment is executory, so far as the vendee is concerned, and is dependent for full execution upon the performance by it of certain condition precedent, i. e., the payment of the full purchase price. For this reason, cases like Vierneisel v. Rhode Island Insurance Co., 1946, 77 Cal.App.2d 229, 175 P.2d 63, relied on by the plaintiffs do not apply. There, the court was dealing with an outright sale of real property which was not to become effective until the deed had actually been delivered. When this is the case, delivery into escrow does not pass title and any loss by fire is payable to the owner who remains, until the delivery of the deed, the sole owner of the property. Here the vendee was in possession and all that remained to be done by him was the payment of the price.

It is also clear, both under California and general law of insurance, that the insurance contracts between the plaintiffs and the defendant Jim Dandy Markets, Inc. and the insurance contract between the defendant E. F. Smith and the defendant Fireman's Fund Insurance Co. are distinct and separate contracts of insurance and are not governed by any apportionment clause contained in them. Or, to be more exact, that the loss which, under the decision now announced, the plaintiffs must pay to Jim Dandy Markets, Inc., is not apportionable between the plaintiffs and the Fireman's Fund Insurance Company. See, Fireman's Fund, etc., v. Palatine In-

surance Co., 1907, 150 Cal. 252, 255, 256, 88 P. 907; Newark Fire Insurance Company v. Turk, 3 Cir., 1925, 6 F.2d 533, 43 A.L.R. 496; see also, Insurance Co. of North America v. Detroit & Security Trust Co., 9 Cir., 1931, 51 F.2d 155, 158; Fidelity, etc., Co. v. Firemen's Fund Insurance Co., 1940, 38 Cal.App.2d 1, 5, 6, 100 P.2d 364; Hager v. Hanover Fire Ins. Co. of N. Y., D.C.Mo. 1945, 64 F.Supp. 949, 952.

■ The relief sought by the cross claim of E. F. Smith is, in like manner, governed by state law. The cross claim charges mutual mistake. Such mistake, to be ground for relief, must be mutual or a mistake of one party which the other, at the time, knew or suspected. California Civil Code, secs. 3399, 3400, 3401; Auerbach v. Healy, 1916, 174 Cal. 60, 161 P. 1157; Harding v. Robinson, 1917, 175 Cal. 534, 541, 542, 166 P. 808; Burt v. Los Angeles Olive Growers Association, 1917, 175 Cal. 668, 675, 166 P. 993; National Bank of California at Los Angeles v. Exchange National Bank, 1921, 186 Cal. 172, 181, 199 P. 1; Coneland Water Co. v. Nickalls, 1925, 75 Cal.App. 212, 218, 219, 242 P. 518; California Trust Co. v. Cohn, 1932, 214 Cal. 619, 627, 7 P.2d 297; Goodfellow v. Barritt, 1933, 130 Cal. App. 548, 556, 20 P.2d 740; Miller v. Lantz, 1937, 9 Cal.2d 544, 71 P.2d 585; California Trust Co. v. Cohn, 1935, 9 Cal. App.2d 33, 40, 48 P.2d 744.

■ The presumption that a contract expresses the true intention of the parties flows from its voluntary execution. And the burden of showing that it did not conform to such intention rests upon him who seeks to avoid its express terms. See, Welk v. Conner, 1929, 102 Cal.App. 286, 289, 282 P. 963; Oakdale Mercantile Co. v. Baer, 1932, 128 Cal.App. 350, 354, 17 P.2d 779; Menning v. Sourisseau, 1933, 128 Cal. App. 635, 639, 18 P.2d 77; California Trust Co. v. Cohn, 1935, 9 Cal.App.2d 33, 40, 48 P.2d 744.

■ Evidence warranting reformation must be clear, convincing and "not loose, equivocal, or contradictory, leaving the mistake open to doubt". Burt v. Los Angeles Olive Growers Association, supra, 175 Cal. 675, 166 P. 996, quoting Lestrade v. Barth, 1862, 19 Cal. 660, 675; and see

cases cited under the preceding paragraphs. The mistake claimed is alleged to have occurred in the instrument denominated "assignment of lease" and dated June 27, 1946. This instrument assigned, sold and transferred to the individuals now composing the Jim Dandy Markets, Inc. "an indenture of lease dated February 1, 1942, between Thomas H. McClenaghan as administrator of the estate of E. T. Williams as lessor and E. F. Smith as lessee."

■ It is elementary that an assignment of this character carries all the right, title and interest which the lessee had under the lease which it is sought to assign. Bewick v. Mecham, 1945, 26 Cal.2d 92, 96, 156 P.2d 757, 157 A.L.R. 1277. Unless an exception is specifically contained in the assignment, it carries all the rights which the lessee had or which he might exercise. To illustrate: In the case just cited, it was held that such an assignment carried the option to purchase contained in it, although no deference to the fact was contained in the lease. This is significant. For, as I stated at the argument, in all cases of this character, when disputes arise, the usual claim is that from the failure to refer to a particular right, the inference can be drawn that it was not the intention to cover that right. And so the contention here is that by the assignment of the lease it was not intended to assign the right which the defendant and cross-claimant Smith had to the building on the premises. It is true that, originally, the rights of the parties were covered by a sub-lease. But the instrument of June 27, 1946, changed that relationship. The instrument was drawn by the attorney for the defendant and cross-claimant Smith, who testified that he did not discuss the transaction with any of the representatives of the Jim Dandy Markets, Inc., but that he received instructions from Smith's agent to prepare an instrument "assigning" the lease under certain terms. Smith, himself, testified in this court, stating that when casually one of the persons associated with the defendant Jim Dandy Markets, Inc. (Schuster) first brought up the subject, he spoke about having the lease "assigned" to them. So we have a situation here where, both during the negotiations and in the instru-

ments prepared by the cross claimant's attorney, the parties deliberately used the words "assignment of lease". It follows that they must be charged with using them in the sense and meaning which they have in law and that they intended the full consequence flowing from such use. See my opinion in Bowles v. Jung, D.C.Cal.1944, 57 F.Supp. 701, 707–708. The oral testimony of the cross-complainant Smith and his agent, Johnson, other than as already indicated, amounts to nothing more than this: That no mention was made of any rights to the building. The defendant Jim Dandy Markets, Inc., offered no testimony in contradiction. They contented themselves with cross-examining the two persons last named and Mr. Smith's attorney, Mr. Cassidy. The testimony thus elicited does not meet the requirement in such cases. Assuming that Mr. Smith actually thought that the building was not included, there is no showing, either directly or by inference from the precedent dealings, that any of the persons connected with the defendant Jim Dandy Markets, Inc., knew or suspected any mistake as to the import of the assignment or as to any intention to exclude the rights to the building. To the contrary, the use of the word "assignment" by Mr. Schuster when he first spoke of the matter to Mr. Smith, and the fact that the desire to make "an assignment" was communicated by Mr. Smith's agent to his attorney and that he, in compliance with that instruction, proceeded, in the light of his knowledge of the previous transaction, which he had also handled, to prepare "an assignment" which conveyed whatever rights the cross-claimant Smith had in the lease, show conclusively the absence of any mutual mistake of the type which Section 3399 of the California Civil Code makes a ground for revision of contracts.

This conclusion finds confirmation in the fact that Jim Dandy Markets, Inc., after the execution of the assignment, acted in accordance with the implication of a *leasehold assignment* by insuring the building and paying for the fire insurance policies which are the basis of this action. Before the assignment, the only fire insurance on the building was that carried by Mr. Smith.

Under the circumstances, to revise the contract, as asked by the cross-claimant, would mean to make a new contract. This a court of equity cannot and should not do.

These considerations lead to the conclusion that, at the time the loss by fire occurred, the defendant, Jim Dandy Markets, Inc., was the sole owner of the leasehold interest previously owned by the cross-claimant and defendant Smith, including his rights to the building on the premises, the destruction of which by fire resulted in the loss, timely claim for which has been made.

Hence the rulings above made.

Counsel for the defendants and respondent will prepare findings under Local Rule 7.