[Civ. No. 1653. Third Appellate District.—July 13, 1917.]

FRED HALLER, Respondent, v. YOLO WATER AND POWER COMPANY (a Corporation), Appellant; GOTTLOB PLOCHER, Respondent.

FINDINGS—CONSTRUCTION.—The findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment.

ID.—FORM—REFERENCE TO COMPLAINT.—It is not necessary that the findings should be in the exact language of the pleadings, and if the complaint is sufficient, a finding by reference to it will be sufficient.

ID.—NEGLIGENT FLOODING OF LAND—SUFFICIENCY OF FINDINGS.—In an action against a corporation and an individual for loss of crops from the negligent flooding of plaintiff's land, a finding that, as against the corporation, the facts alleged in the complaint, as amended at the trial, were true, and were untrue as against the individual defendant, will be construed to mean that the corporation did, and the individual did not, negligently turn unusual quantities of water into the ditch as alleged in the complaint.

ID.—JUDGMENT—ONE OF TWO DEFENDANTS.—In view of section 578 of the Code of Civil Procedure, providing that judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants, a judgment against a corporation alone sued with an individual will be upheld on appeal.

APPEAL from a judgment of the Superior Court of Yolo County.    W. A. Anderson, Judge.

The facts are stated in the opinion of the court.

Arthur C. Huston, for Appellant.

E. E. Gaddis, for Plaintiff and Respondent.

C. W. Thomas, and C. W. Thomas, Jr., for Respondent Plocher.

HART, J.—Plaintiff brought the action against the defendants to recover damages suffered by him in the loss of certain crops, alleged to have been caused by the negligent flooding by defendants of plaintiff's land.

The court made the following finding and conclusion of law:

"1. That as against the defendant Yolo Water and Power Company, a corporation, all of the facts set forth in plaintiff's complaint, as amended in court at the trial of this action, are true, and the same are now found to be true; and that as against the defendant Gottlob Plocher, the facts set forth in plaintiff's complaint, as amended in court during the trial of this action, are untrue, and the same are by the court found to be untrue.

"Conclusion of Law.

"As a conclusion of law from the foregoing facts, the court finds that plaintiff is entitled to judgment against the defendant Yolo Water and Power Company, a corporation, for the sum of two hundred ninety-nine dollars in United States gold coin and for costs of suit and it is ordered that judgment be entered accordingly, and that as against the defendant Gottlob Plocher, the plaintiff in this action take nothing."

Judgment was accordingly entered in favor of plaintiff against the defendant corporation, and the appeal is by the latter on the judgment-roll.

1. Appellant makes the point that "the court has not made any finding whatever on the issues raised by the pleadings; also, the findings are contradictory, inconsistent, and irreconcilable because it is manifestly impossible that the allegations of the complaint are true as against the defendant, Yolo Water and Power Company, and untrue as against the defendant, Plocher."

While prolixity in the drafting of pleadings or other ·papers necessary in an action or proceeding may not be in conformity with the well-nigh universal utilization, in almost every activity, of time and labor saving expedients, the compression of essential statements into so few words that the ascertainment of their meaning is rendered extremely difficult is not to be commended. We may well say of the finding before us, as was said by our supreme court in *Ladd* v. *Tully,* 51 Cal. 277, that it tends to "lead to most serious per-

plexities.'' The use of but very few additional or different words would have dissolved the obscurity complained of by the appellant.

But, bearing in mind that the findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment (*Breeze* v. *Brooks,* 97 Cal. 72, [22 L. R. A. 256, 31 Pac. 742]; *Warren* v. *Hopkins,* 110 Cal. 506, [42 Pac. 986]; *Gould* v. *Eaton,* 111 Cal. 639, [52 Am. St. Rep. 201, 44 Pac. 319]), and that it is not necessary that. findings should be in the ·exact language of the pleadings (*Millard* v. *Supreme Council of American Legion of Honor,* 81 Cal. 340, [22 Pac. 864]; *Mott* v. *Ewing,* 90 Cal. 231, [27 Pac. 194]; *Clary* v. *Hazlitt,* 67 Cal. 286, [7 Pac. 701]), we think the intended meaning of the findings can be arrived at.

If a complaint be sufficient, a finding by reference to it will be sufficient. (*Gwinn* v. *Hamilton,* 75 Cal. 265, [17 Pac. 212].)

It is alleged in the complaint that, adjoining plaintiff's land, the defendant corporation maintained and operated a ditch for the purpose of conveying, selling, and delivering to its patrons water for irrigation; that, on the west boundary of plaintiff's lands, the defendant Plocher owned a right of way for ditch purposes, which connected with the ditch of the defendant corporation. The fifth allegation of the complaint is: "That on or about the seventh day of September, 1915, the said defendants negligently and carelessly turned into said lateral or tributary ditch, large, unusual and inordinate quantities of water, and more water than said lateral or tributary ditch would accommodate and hold, in consequence of which large, unusual, and inordinate quantities of water flowed on to plaintiff's lands, causing the same to become inundated and submerged."

We think the finding must be held to mean that appellant did and that defendant Plocher did not "negligently and carelessly turn into said lateral or tributary ditch large, unusual, and inordinate quantities of water," etc., and, as thus construed, the finding supports the judgment.

2. Appellant makes the further point that, as the action was instituted against two joint tort-feasors upon a joint tort and the judgment is against one of them on a several tort, the judgment cannot be upheld.

Section 578 of the Code of Civil Procedure reads: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves."

In *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, [116 Pac. 513], it is said: "But the contention of appellant that from this the whole judgment must be reversed, under the common-law rule that where an entire judgment against several joint tort-feasors must be reversed as to one it must be reversed as to all, is not sound. The early rule has been relaxed by judicial decision and modified by statute. And in this state it does not exist."

Appellant claims that "the court did not find that a joint tort had been committed and render judgment against appellant as one of the joint tort-feasors," but "that appellant alone, and not acting either in concert or otherwise with Plocher, committed the wrong," and the case of *Miller* v. *Highland Ditch Co.*, 87 Cal. 430, 431, [22 Am. St. Rep. 254, 25 Pac. 550], is relied upon. Therein it was held, as stated in the syllabus, that "Several tort-feasors, not acting in concert or by unity of design, are not liable to a joint action for damages, although the consequences of the several torts have united to produce an injury to the plaintiff."

The distinction between that case and the one at bar is obvious. In the former there were independent torts, committed by different defendants, while here but one tort was committed and, as the court found, by one defendant only.

In *Dow* v. *City of Oroville*, 22 Cal. App. 215, [134 Pac. 197], we said: "It is well settled in this state that, in actions upon tort, where two or more persons have been concerned in the commission of the tort, the plaintiff may proceed either jointly or severally against such joint tort-feasors, who are both jointly and severally liable, and, although the complaint may allege a joint act of negligence on the part of the joint tort-feasors, it would nevertheless state a complete and separate individual liability against each party so sued on account of the single act complained of." In that case the city and a construction company were jointly sued; a demurrer to the complaint as to the city was sustained, and judgment was rendered against the construction company.

We held: "Assuming that the court's order sustaining the demurrer as to the city was correct, still the entire complaint stands so far as the company is concerned, and if, therefore, the act or omission charged against both defendants is sufficient to make a case of negligence against the company alone, the order overruling the demurrer as to the latter must be sustained."

It should be explained, in view of the fact that, according to the *ad damnum* clause of the complaint, the jurisdiction of the above-entitled case is in the justice's and not in the superior court, that we learn *dehors* the record that the title to the land alleged to have been damaged was brought in question at the trial in the justice's court, in which the action was originally instituted, and that thus the superior court acquired jurisdiction of the action. (Code Civ. Proc., sec. 838.) The appeal here, as shown by the above opinion, is from the judgment on the judgment-roll alone, and the record does not show the certification of the pleadings to the superior court, pursuant to said section 838 in such cases. But no objection was raised to the hearing of the appeal by this court.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 11, 1917.