[Civ. No. 3630.   Fourth Dist.   June 19, 1947.]

GEORGE FRANTZ GOOD et al., Respondents, v. SIEG-
FRIED F. LINDSTROM et al., Appellants.

Warren E. Libby for Appellants.

Luce, Forward, Lee & Kunzel for Respondents.

MARKS, J.—This is an appeal from a judgment in favor of plaintiffs, reforming a deed because of mutual mistake of the parties, and in favor of defendants awarding them $500 because of a mistake of plaintiffs.

The property involved is in the Rancho Santa Fe in San Diego County. It was sold by plaintiffs to defendants in 1944. The amended complaint alleged that by mutual mistake of the parties, the deed from plaintiffs to defendants described 6.56 acres of land, while the plaintiffs actually intended to describe and convey, and defendants intended to have described and to purchase 1.57 acres of land.

The trial court found these allegations to be true and there is much substantial evidence supporting these findings. The evidence supporting them, while contradicted by defendants, shows that the parties, excepting Gertrude Good Martin, went on the ground with Mrs. Good and a Mr. Martin, a real estate broker; that the property was broken by canyons separating the high ground; that the parties agreed to start the description of the land to be sold at a little distance from a water meter near a road on which it fronted, with a frontage of about 150 feet on this road, thence from near the meter to a fir tree growing on the down slope from a promontory, thence to an unnamed road (we will refer to this as the base line); that plaintiffs would sell and defendants would buy the land, triangular in shape, owned by plaintiffs north of the base line. Plaintiffs particularly specified that no part of the promontory was to be sold as Mr. Good and Mrs. Martin intended to build homes on it because of its unusually fine view.

No survey of the land was made until early in 1945, because of the difficulty in obtaining the services of an engineer. Plaintiffs testified that due to the housing shortage defendants wanted to move into the house on the premises as soon as possible, to which they consented; that it was agreed that a description be worked out for use in the deed and if the survey showed that description to be incorrect the parties would correct it.

Defendants contradicted much of this evidence, but the trial court found it to be true. In passing it should be noted that defendants signed the following document supporting these findings:

"OFFER TO PURCHASE REAL ESTATE. Date, May 17, 1944. The undersigned hereby offers to purchase from the owner thereof the following described real property: The portion of Lot 3, Block 48, Rancho Santa Fe, approximately one and

one-half acres—three-bedroom furnished house, County of San Diego, California, for the entire purchase price of seventy-five hundred ($7500.00) to be paid as follows: . . .''

The survey showed that one of the lines of the property described in the deed, bisected the promontory which plaintiffs did not intend to sell; that the land described in the deed contained 6.56 acres; that the land viewed by the parties which plaintiffs intended to sell and defendants intended to buy contained 1.57 acres. The deed was reformed so that defendants became owners of the smaller tract.

Defendants filed a cross-complaint seeking damages because a small tract of land lying north of the base line, near the unnamed road, was not owned by plaintiffs and was not included in the deed to defendants. The trial court found this to be true and awarded defendants damages in the sum of $500.

As their principal ground for reversal, defendants urge that the finding ''that said parties mutually intended and understood that the property described in above finding Number I (the 1.57 acres) was conveyed by the deed described in above finding Number II (the 6.56 acres) and that it was the actual agreement and intention of the parties that the land described in finding I and no more should be conveyed by the plaintiffs to the defendants and that the plaintiffs, by the mutual mistake of the plaintiffs and defendants, conveyed the land described in above finding Number II by the said deed by the plaintiffs to the defendants; and that the said deed describes lands in addition to those described in finding Number I, and that it was not the intention of the plaintiffs to sell, and it was not the intention of the defendants to purchase said additional lands'' is in direct conflict with the finding under the allegations of the cross-complaint for damages alleging that plaintiffs represented that they were selling the land north of the base line to the unnamed road, which finding is as follows:

''That said plaintiffs, in tracing out and pointing out on the ground the boundaries of the said land intended by the parties to be conveyed, pointed out and referred to certain lands not included in the said deed, and that said lands so pointed out are not and were not then owned by the said plaintiffs and that the pointing out of said land was through the mistake of the said plaintiffs and that the said defendants have been damaged by the said mistake in the inability of the said plaintiffs to convey said land so mistakenly and erroneously pointed out in the sum of $500.00.''

From this finding the conclusion of law was drawn:

"That in order to do equity as between the said parties, the said plaintiffs should pay to said defendants, the sum of $500.00 as damages for erroneously pointing out certain land as being a part of the intended conveyance from the said plaintiffs to the said defendants."

When carefully construed these findings do not actually conflict. The first quoted finding concerns the agreement actually made by the parties, while the second quoted finding relates to the conduct of Mr. Good on the ground. When the findings are read with the testimony of Mr. Good in mind, to the effect that by the agreement of the parties only the land north of the base line *owned by plaintiffs* was to be conveyed, any apparent conflict disappears. Perhaps it may be that the award of damages to defendants was a generous act on the part of the trial court of which defendants cannot complain because it was in their favor. It seems to have been prompted by the desire to do absolute justice between the parties in an action in equity. �In any event findings should be construed, where possible, to support rather than to defeat a judgment. (*Haight* v. *Haight*, 151 Cal. 90 [90 P. 197]; *Haller* v. *Yolo Water & Power Co.*, 34 Cal.App. 317 [167 P. 197].) The findings here can and should be so construed.

▎Defendants also urge that there has been such negligence on the part of plaintiffs in seeking reformation of the deed that their action must fail. In support of this argument they cite *Burt* v. *Los Angeles Olive Growers Assn.*, 175 Cal. 668 [166 P. 993]; *Moore* v. *Vandermast, Inc.*, 19 Cal.2d 94 [119 P.2d 129], and *Welk* v. *Conner*, 102 Cal.App. 286 [282 P. 963].

We find nothing in the evidence supporting the argument of such negligence or undue delay. The verbal agreement to sell and the written offer to purchase were made in May, 1944. The survey which finally disclosed the mistake was made early in 1945. The action to reform the deed was filed on April 10, 1945. Under the facts before us there was no such negligence or undue delay in seeking the reformation as would, as a matter of law, bar plaintiffs' action.

The authorities cited by defendants do not bear upon or support their argument. The effect of the holdings in the three cases is thus stated in *Moore* v. *Vandermast, Inc., supra:*

"Although plaintiff's contentions upon this appeal are stated in various ways, the basic point upon which he relies is that the evidence is insufficient to support the findings of

the trial court. In this connection it should be noted that where one seeks to reform a written instrument by the introduction of extrinsic evidence, the courts have generally required clear and convincing proof, or something more than a preponderance of the evidence, as the basis for such an invasion of the parol evidence rule.''

What is or is not clear and convincing proof is generally and primarily a question for the trial court. Where, as here, the evidence supporting its decision to reform appears to be convincing, we should not disturb the judgment.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied July 16, 1947, and appellants' petition for a hearing by the Supreme Court was denied August 14, 1947.