[Civ. No. 13751.   First Dist., Div. Two.   Feb. 25, 1949.]

FRANCES MARTIN ROHL et al., Appellants, v.
MERCEDES VAN CLEVE et al., Respondents.

John H. Crabbe and Laurel W. Streiff for Appellants.

J. Thaddeus Cline for Respondents.

GOODELL, J.—Appellants sued to quiet title to a piece of improved real property in Daly City. Judgment went in favor of defendants, quieting the title of respondent Home Development Company, and this appeal was taken.

When the property was acquired by respondent Van Cleve she borrowed $4,200 from respondent Cassaretto and gave a deed of trust which was recorded on January 23, 1945. Early in July, 1945, negotiations were opened between respondent Van Cleve and appellant Frances Rohl for the sale of the property to the latter. These negotiations were carried on principally by respondent Del Secco, a real estate broker representing respondent Van Cleve, and eventuated in a contract of sale dated July 10, 1945, signed by appellant Frances Rohl and respondent Van Cleve. The contract clearly states the selling price as $6,000, and that a down payment of $2,000 was to be made. It shows on its face that such payment was made, $100 thereof on July 10th, $1,000 on the 14th, $500 on the 18th and $400 on the 21st.

On August 2, 1945, a grant deed to appellant Frances Rohl was recorded and appellants went into possession. Respondent Van Cleve kept up her payments on the $4,200 indebtedness until the time of the Rohl sale, but then discontinued them. No further payments were made by appellant Frances

Rohl or anybody else, and on May 15, 1946, a notice of breach was recorded by respondent Cassaretto, followed by a notice of sale, fixing the sale date for September 27, 1946. On that day the property was bid in by respondent Cassaretto for $4,000 which was the balance remaining unpaid. On October 4, 1946, she conveyed to respondent Home Development Company, which later brought an unlawful detainer action in which appellants defaulted and on January 20, 1947, the sheriff evicted them in execution of the judgment.

About a month later this suit was brought, at which time appellants had neither title, possession, nor right of possession. At the oral argument appellants conceded that in suing to quiet title they had mistaken their remedy. Their position on this appeal is that although they chose the wrong remedy, their complaint was nevertheless sufficient to entitle them to a judgment for damages.

In addition to the usual allegations of a quiet-title suit the complaint alleged (all in one count) that defendants ousted plaintiffs from the premises; "that said ouster was fraudulent and malicious and was done in pursuance of a civil conspiracy" whereby defendants Del Secco, Van Cleve and Cassaretto "stated and represented to the plaintiffs before the purchase of said property, and for the purpose of inducing the plaintiffs to purchase . . . that plaintiffs could, and would, obtain title to said triangular piece of property, free and clear, for the total purchase price" of $2,500 and that none of the respondents disclosed to plaintiffs that the property was encumbered by a deed of trust for $4,200 or any other sum; that, relying on such representations, they purchased the property as a cash transaction without investigating the title, and suffered damages in the sum of $3,000.

The answer denied any unlawful ouster, misrepresentations, fraud or conspiracy and alleged that before signing the contract of sale appellant Frances Rohl was informed and knew that the property was subject to the $4,200 deed of trust, and that she agreed to pay $2,000 for the property over and above the $4,200 encumbrance.

Thus it will be seen that although the complaint was admittedly ineffectual as one to quiet title, it contained sufficient allegations, on which issue was joined by the answer, to lay before the court the appellants' real grounds of action. It was on these issues that the appellants had a fair, full and complete trial with unrestricted opportunity to prove their charges.

Appellant Frances Rohl testified that prior to the purchase she had no title search made because she did not understand it to be necessary. The record shows, however, that respondent Del Secco ordered a search. She testified that prior to signing the contract of sale nobody told her of the $4,200 deed of trust standing against the property and that she first learned of it early in September, 1946, when the notice of trustees' sale was tacked on her door. She admitted that respondent Van Cleve told her that $6,000 was the price but denied that she knew that that part of the price over and above the $2,000, which she paid down, was represented by a deed of trust calling for monthly payments of $50.

Respondent Del Secco on the contrary testified that before the contract was signed he informed appellant Frances Rohl that there was a $4,200 deed of trust against the property and that when the preliminary title report was issued he gave her one of the two copies thereof. She denied that she ever saw any title report until the trial. Respondent Del Secco testified also that she told him she knew everything about the condition of the title from respondent Van Cleve.

Appellants' contention that "the court erred in failing to consider appellants' claim for damages against respondents Van Cleve and Del Secco" is difficult to understand in view of the fact that they alleged damages of $3,000, and prayed therefor "and for such other and further and general relief" as might be just, and in view of the further fact that it could only have been a consideration of such claim that would have warranted the court in exploring, as it did, the question whether there had been any concealment of the existence of the $4,200 deed of trust. The issue as to its existence and appellants' knowledge of it—tendered by appellants' own pleading—became the central point of controversy at the trial. Title and possession were out of the case. Appellant Frances Rohl testified that she did not know about the deed of trust, respondent Del Secco testified that she did, and on this conflict and all the surrounding circumstances the court found against appellants.

Appellants contend that their case "factually, rests on the fraud of respondents, or some of them, in concealing an outstanding equity on a home respondents induced appellants to buy." As we have just seen, the court found *factually* that there was no concealment.

Two applications to amend the complaint were made, one at the opening, the other at the close, of the trial. The

denial of these motions is assigned as an abuse of discretion. At the opening, appellants' counsel frankly stated that the complaint had been drawn under a misapprehension of the facts in that it alleged the purchase price to be $2,500 "free and clear," but that only a few days before the trial he "ascertained the correct facts that lead [him] to believe the purchase price was $6000." The application to amend was as follows: "I would like at this time to ask leave to amend the complaint . . . so as to show that the agreed purchase price of the real estate was $6000.00, instead of the sum of $2500.00 as alleged . . . and that $2000.00 was paid on account, . . ."

At the close, appellants moved to amend "to conform to the proof . . . both oral and documentary . . . to show that the plaintiff paid the sum of $2000 on a property, the selling price of which was $6000, and that it was subject to a $4200 deed of trust, payable at the rate of $45 a month, including interest."

The evidence so showed but the allowance of the amendment would not have helped the appellants in the least. The pivotal point of the case was whether the existence of the $4,200 deed of trust had been disclosed or concealed, and an amendment of the complaint would not have influenced that point except, perhaps, to accentuate the correctness of the respondents' position. The denial of leave to amend did not restrict the appellants in presenting their contentions and claims, hence they could not have been harmed by the rulings. With or without amendment, there still remained a failure of proof that the ouster was fraudulent or malicious, or the result of a conspiracy, or that the existence of the deed of trust had been concealed.

Appellants complain, also, that they were not permitted to prove a breach of implied warranty. (The grant deed from respondent Van Cleve to appellant Frances Rohl fails to show the subsisting deed of trust.) The answer to this contention is that the complaint was not based on a breach of implied warranty but was silent on that subject. Moreover neither application asked leave to amend so as to plead such breach. The case was not tried on that theory, and the point cannot be raised for the first time on appeal (*Isenberg* v. *Sherman*, 212 Cal. 454, 508 [298 P. 1004, 299 P. 528]).

Finally, complaint is made that the findings are silent on the subjects of fraud and warranty. Warranty, as we have

just seen, was no issue in the case. ■ The language of the findings is ''That all of the allegations of plaintiffs' complaint are untrue; that all of the allegations of defendants' answer are true.'' This finding negatived appellants' allegations of fraud, malice, unlawful ouster and concealment.

■ The answer alleged ''That before signing said agreement, said plaintiff was informed, and at all times thereafter knew, that said real property was subject to a deed of trust as security'' for $4,200 and that she ''knowingly and intentionally took title to said premises subject to said deed of trust.'' The finding affirmed the truth of these allegations. Findings in this form, by reference to the pleadings, are upheld by the cases (24 Cal.Jur. pp. 986-7).

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.