[Civ. No. 14377.   First Dist., Div. Two.   July 10, 1950.]

M. M. FERERIA, Appellant, v. WILLIAM D. NUNN et al., Respondents.

Nathan G. Gray for Appellant.

John D. Harloe for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment in favor of defendants.  Plaintiff is a building contractor who constructed a home for defendants.  He sued on a *quantum meruit*

for work and labor in the sum of $8,967.62. Defendants alleged that the home was constructed under a written contract for an agreed price of $4,797. On this issue the trial court found in favor of defendants and plaintiff's main contention is that the evidence does not support this finding.

The evidence shows that defendants had seen a home in Orinda of which they obtained the plans and a home in Richmond which they also liked. Plaintiff at their request examined the Richmond home and drew plans for a house not quite identical, but similar. ■ Defendants were uncertain which house to build and plaintiff submitted in the form of an unsigned letter, on his letterhead, alternate bids, which letter was signed by defendant Beatrice Nunn. Defendants instructed plaintiff to construct according to the Orinda plans but after the foundation was staked it was discovered that the stakes extended beyond the boundary of the lot and the parties agreed to build according to the plan drawn by plaintiff from the Richmond house. As to that plan the writing provided:

"Plan No. 1 on same as Richmond House with 2 car garage 18 x 20, the house floor area of 1066 ft. No tile work and finish of all sidewalks or cement floors also front to rear porches are included in this bid of $4797.00 with one furnace."

The house as planned called for a detached garage, but as built the house was raised so as to have a basement in which the garage was placed. Mrs. Nunn testified as to this change in plan:

"Well, he (plaintiff) showed me plan number one and asked me if that's what I wanted, and I said, 'Well, we'll have to do it on this lot.' . . . so he suggested that we would put the garage under our house, which I didn't want to do. But he said it would save me money. He said it would save for all the rest of the things in the basement—finish the basement, put a sidewalk in the front and extra things I had asked about, because he said a double garage would take a roofing, siding, two windows and an extended longer driveway. So by putting it under the house it would make it cheaper for me, which we agreed upon doing."

Plaintiff testified that by reason of this and other changes demanded by defendants he informed defendants that he could not build for the agreed price but would have to charge on a cost-plus basis. This was flatly denied by Mrs. Nunn, who testified:

"No sir, no change of price. Nothing was ever mentioned of a cost-plus job. I didn't even know of a cost-plus job. . . ."

"Q. Did he ever during the construction of the building ever inform you that he was doing it on a cost-plus basis? A. Never at any time."

Enough has been quoted to support the finding that the house was built pursuant to the agreement. Plaintiff points out that the area of the house as built is somewhat larger than called for and that extras were added in the course of construction. No evidence was given of the value of these changes, plaintiff electing to stand on his theory that there had been a novation by which the entire construction was done on a cost-plus basis. If plaintiff had tried his case on the theory that he was entitled to additional compensation above the contract price for changes and extras and had introduced evidence of their reasonable value he might have been entitled to compensation therefor, but he cannot complain that this was not allowed in the state of the record presented.

The court found as to certain paragraphs of the complaint: "That all of the allegations contained in Paragraph . . . are not true." Plaintiff's claim that these findings are in the form of a negative pregnant is hypercritical. He would give to a finding that "all are not true" the meaning "not all are true." The court's intention to negative all of the allegations referred to is clear and the findings must be given a reasonable construction to support the judgment. (2 Cal.Jur. 871.)

Plaintiff's criticisms that it does not appear that the finding that plaintiff agreed that he would build a house for defendants for the sum of $4,797 "in any manner relates to the claim of plaintiff as alleged in his complaint"; and that the finding that defendants paid to plaintiff the sum of $3,200 contains "no indication whether this payment was on account of the contract referred to in the preceding paragraphs or on account of the indebtedness alleged in the complaint" are only mentioned to show that we have not overlooked them. The lack of substance in these criticisms is too obvious to warrant further discussion.

Plaintiff apparently made a very bad bargain, but the court's finding that he did make it is supported by the evidence and he is bound to it.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied August 9, 1950, and appellant's petition for a hearing by the Supreme Court was denied September 7, 1950.