GOLDSTEIN, J.
Plaintiff appeals from a judgment denying damages in an action for personal injuries. The case was tried before the court without a jury. The testimony at the trial was not transcribed and the case comes before this court on an engrossed statement.
The facts are as follows:
The defendant operated a beauty parlor. On or about March 22,1958, one of the defendant’s employees, named Mary Felice, gave the plaintiff a permanent wave, described as a Permette Cold Wave. In accordance with the custom of the trade, a curl test was made by the operator before administering the wave.
The manufacturer of the waving solution gave detailed written instructions as to the method of its application. Among the instructions was the following: “Note: All cold waving solutions tend to be irritating. The use of gloves or other adequate protection is advisable. Keep solution away from scalp.”
Mary Felice testified that she had obtained the waving solution from a sealed bottle supplied by the manufacturer. She stated that none of the waving solution was put on top of the plaintiff’s head; that she neutralized the waving solution with a neutralizer furnished by the same manufacturer, strictly in accordance with the manufacturer’s written instructions; that she at no time noticed anything unusual about the plaintiff’s hair or scalp; that she had been using similar products over a period of many years; that the wave was given the plaintiff in accordance with the usual custom and manner employed in beauty parlors in the vicinity of Fresno, California.
The plaintiff testified that shortly after receiving the wave, her scalp had a tingling feeling accompanied by a burning sensation; that the condition worsened the following day; that on the third day, she consulted a physician. On approximately the same day, she also returned to the beauty parlor and complained to Mary Felice that she had some sores on the back of her neck near the hairline. When requested by Mary Felice to show her the injured area, the plaintiff refused so to do. No reason was given by her for such refusal. At that time the *Supp. 920 area claimed to have been injured was concealed under a bandana. A few days later, the plaintiff telephoned Mary Felice and informed her that the sores had healed and disappeared; plaintiff testified also that none of her hair fell out, and that she did not know anything that the beauty operator had done wrong or improperly in giving her the permanent wave.
The plaintiff computed her damages at $20.58 per day over a period of five days, but testified that nothing had been deducted from her paycheck during that period.
The trial court made findings of fact and conclusions of law. He found that all of the allegations of the complaint (Paragraph III), charging negligence against the defendant, were untrue. He also found that the plaintiff had suffered no damage or injury by any act of the defendant.
The court made an additional finding that the defendant and his employee, Mary Felice, “were not negligent, careless and unskillful or negligent or careless or unskillful in the administering” of the permanent wave in question. (Emphasis added.)
Judgment was, accordingly, awarded in favor of the defendant.
Three questions are presented for consideration, which will be discussed in order.
 1. Are the findings in proper form and do they support the judgment ? Answer: Yes.
The finding that the defendant was not negligent was made not only in the conjunctive, but also alternatively. Even if we eliminate entirely from the findings, those drawn in the conjunctive, nevertheless, there still remains a specific finding that the defendant and his employee, Mary Felice, were not “negligent or careless or unskillful. ’ ’
The duty of an appellate court, with respect to the findings of a trial court, is clear. Where findings can be harmoniously construed, they should be reconciled, and the judgment based thereon should not be disturbed on appeal. (Culjak v. Better Built Homes, Inc., 58 Cal.App.2d 720 [137 P.2d 492], Armstrong v. Schoenborn, 130 Cal.App. 501 [20 P.2d 79],
Findings should be so construed as to sustain a judgment where a reasonable and liberal interpretation thereof would so admit. Chow v. City of Santa Barbara, 217 Cal. 673, 680 [22 P.2d 5]. Where possible, findings should be construed to support, rather than to defeat, the judgment. Good v. Lindstrom, 80 Cal.App.2d 476, [181 P.2d 933].
*Supp. 921 A judgment is sufficiently supported by a finding that particular paragraphs of a pleading are true or untrue. Fereria v. Nunn, 98 Cal.App.2d 367, 369 [220 P.2d 20]. A finding that a particular allegation in a pleading is true or untrue is sufficient. Sutter County v. McGriff, 130 Cal. 124 [62 P. 412], Ferguson v. Koch, 204 Cal. 342 [268 P. 342, 58 A.L.R. 1176], Rohl v. Van Cleve, 90 Cal.App.2d 317, 322 [202 P.2d 807]. Even a blanket finding that all allegations set forth in a pleading are true or untrue is sufficient, without any further amplification. Bohl v. Yan Cleve, supra.
The findings made by the trial court fully met the foregoing legal requirements. It found, generally, that the allegations charging negligence and damage were untrue. It also found specifically that the defendant was neither negligent, careless nor unskillful. Such findings are ample to sustain the judgment of the trial court. We are bound thereby if they are supported by the evidence.
2. Does the evidence support the findings ? Answer: Yes.
There are facts in the engrossed statement which amply support the finding made by the trial court. Without repeating at length the facts heretofore set forth in this opinion, it is sufficient to say that, from the evidence, the trial court could reasonably have inferred that the permanent wave was given to the plaintiff in accordance with good practice and in compliance with the manufacturer’s instructions. The plaintiff, herself, testified that she knew of nothing to indicate any wrongful or improper conduct on the part of the beauty operator, Mary Felice.
Moreover, the question of damages was clouded in considerable doubt by the plaintiff’s own testimony. When the plaintiff called at the defendant’s place of business to complain regarding her alleged injury, she was asked to show Mary Felice the area of her head which she claimed had been injured. This request met with refusal on the part of the plaintiff. Under the circumstances, the request was entirely reasonable. No possible question of delicacy could have been involved in exhibiting an injured area at the back of her head. Her announced purpose in returning to the beauty parlor was to make complaint regarding her injury. The doctor, to whom the plaintiff claimed to have gone for treatment, never testified on her behalf. The trial court, therefore, could have been justified in disbelieving her claim of injury. Its finding of no damages would seem to bear out this conclusion.
*Supp. 922 There being substantial evidence to support the findings of the trial court, they are binding upon this court, and may not be disturbed on this appeal.
3. Does the application of the res ipsa loquitur rule require a reversal of the judgment ? Answer: No.
The plaintiff contends that the injuries claimed by her arose without fault on her part; that the agency giving rise to the injury, namely: the permanent wave and the solutions used in connection therewith, were under the sole and exclusive control of the defendant’s employee, Mary Felice, and that the claimed injury was one which would not have occurred had due care been employed. This, she claims, brings the case within the res ipsa loquitur rule.
However, the application of the doctrine does not give the plaintiff an absolute right to a judgment in every case. The rule is one of evidence and not of substantive law. In Pacific Telephone & Telegraph Co. v. City of Lodi, 58 Cal.App.2d 888, it is stated at page 895 [137 P.2d 847] :
“. . . Finally, it is suggested by defendant that said paragraph might have been intended to apply in cases in which liability might be imposed under the res ipsa loquitur rule. This suggestion overlooks the fact that the res ipsa loquitur rule is not a rule of substantive law imposing liability in the absence of negligence but is a rule of evidence giving rise to an inference of negligence in certain cases. Where the res ipsa loquitur doctrine is applicable, said doctrine merely provides the means by which the injury may be ‘traced to the negligence’ of the party or parties having the control and management of the instrumentality involved.”
In 36 Cal.Jur.2d 52, it is stated: “. . . Moreover, the doctrine of res ipsa loquitur is a rule of evidence and not of liability, and thus does not impose on one charged with negligence the duty of exercising a higher degree of care than would be required of him if the doctrine were not applicable.”
In Williamson v. Pacific Greyhound Lines, 78 Cal.App.2d 482 [177 P.2d 977], the court described the effect of the rule of res ipsa loquitur in the following language: “It does not shift the burden of proof in a case, but presents an inference of culpability which, if left unexplained by the defendant, is deemed satisfactory evidence of his negligence. If the defendant offers an explanation of the occurrence which is entirely consistent with due care, the inference of culpability is dispelled.” (Emphasis added.) (P. 486.)
In Armstrong v. Pacific Greyhound Lines, 74 Cal.App.2d 367, 373 [168 P.2d 457], the limitation of the doctrine is ex *Supp. 923 pressed in the following language: “The burden on defendant is merely that of going forward with the evidence, as distinguished from the burden of establishing the affirmative of the issue by a preponderance of the evidence, which is sometimes confused therewith, and that defendant has successfully discharged his burden when he has introduced evidence of sufficient weight to offset the presumption in the minds of the jury and produce a balance in their mimds on the question of its truth. ’ ’ (Italics the court’s.)
In Holt v. Henry, 58 Cal.App.2d 168, the court states at page 171 [136 P.2d 97] •. “It is for the trier of fact to determine from all the evidence in the case whether the inference of negligence arising from the application of the doctrine of res ipsa loquitur has been met and rebutted.”
In Druzanich v. Criley, 19 Cal.2d 439 [122 P.2d 53], the court states: ' ‘ The application of the doctrine does not give a plaintiff an absolute right to a judgment in every case. (Citing cases.) “It does not shift the burden of proof, and when the defendant produces evidence to rebut the inference of negligence, it is ordinarily a question of fact whether the inference has been dispelled.” (Citing cases.) (P. 444.)
In Ales v. Ryan, 8 Cal. 2d 82 [64 P.2d 409], which is similar in principle to the instant case, an operating surgeon had left a sponge in the body of his patient. The res ipsa loquitur doctrine was held to apply. A judgment for the defendant was reversed because of faulty instructions. However, the court, in that ease, emphasized the evidentiary character of the rule, stating at page 99: “The defendant is not required to establish his defense by a preponderance of the evidence. All that is required is that he produce evidence which equals in evidentiary weight the inference which the doctrine creates in favor of plaintiff.”
The trial court has found, on conflicting evidence that the inference of negligence resulting from the application of the doctrine of res ipsa loquitur has been rebutted. Prom the testimony, the trier of fact could well have drawn opposing inferences. It has done so, favorably to the defendant. The issue having been resolved against the plaintiff, its judgment may not be disturbed by this court.
The judgment should be affirmed with costs to the respondent.
Conley, P. J., concurred.
Popovich, J., dissented.